# IN the MATTER OF D.S., alleged to be mentally ill: D.S., Appellant,

v.

# RACINE COUNTY, Respondent.

Supreme Court

*No. 87–0011. Argued December 1, 1987.—Decided December 18, 1987.*

(On certification from the court of appeals.)

(Also reported in 416 N.W.2d 292.)

For the appellant there was a brief and oral argument by *Michael Plaisted,* assistant state public defender.

For the respondent there was a brief by *Thomas J. Van Heest,* assistant corporation counsel, and oral argument by *John Gelhard,* assistant corporation counsel.

DAY, J.  This court accepted certification of this appeal from the court of appeals to review the involuntary commitment of D.S. ordered by the Racine County Circuit Court, Circuit Judge James Wilbershide. D.S. challenged the commitment order on the grounds that it was drafted and filed contrary to requirements of sec. 51.20(4), Stats.,[1] and sec. 757.22(1).[2] We conclude that the petition for commit-

---

[1]Section 51.20(4), Stats., reads:

"**51.20 Involuntary commitment for treatment ...** (4) Public Representation. Except as provided for in ss. 51.42(3)(ar)1 and 51.437(4)(f), the district attorney or, if designated by the county board of supervisors, the corporation counsel or other counsel shall represent the interests of the public in the conduct of all proceedings under this chapter, *including the drafting of all necessary papers related to the action.*" (Emphasis added.)

[2]Section 757.22(1), Stats., states in pertinent part:

"**757.22 Judge not to act as attorney, etc.: attorneys not to have office with judge. (1)** .... *no judge or his or her clerk or any person employed by the judge in or about his or her office,* court commissioner, or other judicial officer *shall be allowed to give advice to parties litigant in any matter or action pending before the judge* or officer, or which the judge has reason to believe will be brought before him or her for decision, *or draft or prepare any papers,* including wills, or other proceedings relating to any

ment drafted by a probate coordinator assigned to the probate court was contrary to the drafting requirements of sec. 51.20(4), which require the district attorney or corporation counsel to prepare involuntary commitment papers. Under the circumstances of this case, we hold, however, that such error was harmless. We therefore affirm the circuit court commitment order. Under our supervisory power, we further direct that circuit judges must hereafter refuse to accept petitions drafted contrary to the provisions of sec. 51.20(4).

The facts essential to a decision in this case are not in dispute. In accordance with the Wisconsin Mental Health Act, Chapter 51, Stats., a petition for examination of D.S. was requested by three petitioners. After gathering information from the petitioners seeking to commit D.S., a Racine county circuit court employee, hired through its personnel office and assigned to the probate court, whose job title was "Probate Coordinator," consulted with the corporation counsel's office regarding the request. She was advised by an assistant corporation counsel to draft and file the petition, and did so. At the time the petition was drafted, the probate coordinator was not an employee of the corporation counsel's office nor the district attorney's office. Her responsibilities were restricted solely to proceedings under Chapter 51 of the Wisconsin Statutes and did not extend to the administration of decedent's estates or any other functions of the probate court.

After the probable cause hearing and again prior to the court's ruling at the final commitment hearing,

---

such matter of action except when expressly authorized by law
...." (Emphasis added.)

D.S.'s counsel moved to dismiss the proceedings because the petition had not been drafted by either the district attorney or the corporation counsel as required by sec. 51.20(4), Stats., and because the drafting of such a document by an employee of a judge was prohibited under sec. 757.22(1). The circuit court denied these motions on the grounds that they raised no substantive "concern" and that the drafting and filing of the petition "closely enough complied with the statutory scheme so there [was] no invalidity ...." The court then ordered that D.S. be involuntarily committed for treatment. D.S. appealed the commitment order.

This court accepted the court of appeals' certification of D.S.'s appeal pursuant to sec. 809.61, Stats. On appeal, counsel for D.S. realleges that the circuit court abused its discretion by not dismissing the commitment proceedings on the grounds that the court lacked personal jurisdiction over D.S. because the petition was prepared and filed by a "non-attorney court officer" contrary to secs. 51.20(4) and 757.22(1). At oral argument before this court, counsel for D.S. did state, however, that the commitment hearings themselves were fair and that there was no prejudgment of the case by the circuit judge hearing the matter because the petition had been drafted by the probate coordinator.

■■■

The sole issue presented on appeal is whether the circuit court erred in refusing to grant dismissal because the petition commencing the commitment action was drafted contrary to statutory requirements. Under sec. 805.03, Stats.,[3] the circuit court has

---

[3]Section 805.03 of the Wisconsin Statutes states in pertinent

wide discretion in fashioning a remedy for failure to comply with procedural statutes. When reviewing a circuit court ruling on dismissal for procedural error, it may be reversed if the court has manifestly abused its discretion. *See Trispel v. Haefer,* 89 Wis. 2d 725, 731, 279 N.W.2d 242 (1979). Exercise of discretion based upon an erroneous view of the law constitutes an abuse of discretion. *State v. Hutnik,* 39 Wis. 2d 754, 763, 159 N.W.2d 733, 737 (1968). Additionally, in analyzing the circuit court's rationale for its conclusions, this court must apply statutes to undisputed facts of this case. This is a question of law which we may review without deference to lower courts' findings. *State v. Wittrock,* 119 Wis. 2d 664, 669, 350 N.W.2d 647, 650 (1984).

In construing a statute, first resort in ascertaining and giving effect to legislative intent is the language of the statute itself. Only if the statute is ambiguous, that is, it is capable of being understood by reasonably well informed person in either two or more senses, may this court seek extrinsic support in interpreting it. *In Interest of P.A.K.,* 119 Wis. 2d 871, 878, 350 N.W.2d 677, 681 (1984). Neither the pertinent language of sec. 51.20(4), Stats., nor 757.22(1), is ambiguous under this test.

part:

> "**Failure to prosecute or comply with procedure statutes.** For failure ... of any party to comply with the statutes governing procedure in civil actions ... the court in which the action is pending may make such orders in regard to the failure as are just, including but not limited to orders authorized under s. 804.12(2)(a). Any dismissal under this section operates as an adjudication on the merits unless the court in its order for dismissal otherwise specifies for good cause shown recited in the order ...."

The prohibition against drafting in sec. 757.22(1), Stats., involves a judge's "clerk or any person employed by the judge in or about his or her office." It was alleged at oral argument that the person selected for the position of probate coordinator is chosen by the Racine County Personnel Office and the circuit judge to whose court that person is assigned does not participate in or ratify this process of employment. While it is unclear from the factual record before this court whether the Racine County Probate Coordinator's role in drafting petitions is a violation of the language sec. 757.22(1), and while no actual breach of judicial impartiality occurred in this instance, we emphasize that it is important to avoid even the appearance of an impropriety in the conduct of court proceedings. Moreover, whether or not the probate coordinator was an employee or clerk of the judge within the meaning of sec. 757.22(1), her actions did not meet the statutory drafting requirements of sec. 51.20(4), because she was employed by neither the district attorney nor the corporation counsel.

Proof that the petition was prepared contrary to statutory drafting requirements is, however, insufficient in itself to merit reversal. There must be a further showing that this defect misled or caused prejudice before noncompliance with procedural statutory requirements may result in reversal of the circuit court's holding. Absent this showing, technical nonconformity in pleading or procedure is a non-jurisdictional error. *See Canandian Pac. Ltd. v. Omark-Prentice Hydraulics,* 86 Wis. 2d 369, 372, 272 N.W.2d 407, 408 (Ct. App. 1978); sec. 805.18(2), Stats.; sec. 51.20(10)(c) (circuit judge to disregard error or

defect of commitment pleadings or proceedings which does not affect the parties' substantial rights).

We do not condone Racine county's practice[4] of allowing an administrative employee, having no affiliation with the corporation counsel or district attorney's office as required by statute, to draft commitment papers. Under the facts unique to this case, we find that this procedural irregularity did not prejudice the substantial rights of D.S. We therefore hold that the circuit court properly denied motions to dismiss the commitment proceedings.

Additionally, on certiication, the court of appeals informs us that the "use of court employed ch. 51, Stats., 'coordinators' as 'contact' persons with potential petitioners in ch. 51 proceedings is a common practice in Wisconsin." A procedural practice which does not conform to statutory provisions must be discontinued. *See State v. Coble,* 100 Wis. 2d 179, 206–207, 301 N.W.2d 221, 234 (1981). Under the exercise of this court's superintending and administrative authority pursuant to sec. 3, art. VII, Wis. Const., we direct circuit judges henceforth to refuse to

---

[4]This court has been informed by counsel for Racine county, in a letter dated November 23, 1987, and addressed to Chief Justice Heffernan, that "as of November 9, 1987, the Probate Coordinator position was officially incorporated into the Office of the Corporation Counsel of Racine County and re-classified a "Mental Health Coordinator" thus, such a practice [of allowing drafting of petitions by non-corporation counsel personnel] is not an 'on-going situation' in Racine County .... The Mental Health Coordinator will continue in a support staff role; legal decisions and appearances will continue to be conducted solely and exclusively by attorneys within the Corporation Counsel of Racine."

accept petitions drafted by persons not authorized to do so under sec. 51.20(4), Stats.

*By the Court.* —The order of the circuit court is affirmed.