159 Wis.2d 393 (1990)
464 N.W.2d 102
IN the MATTER OF S.P.B., Alleged to be Mentally Ill: STATE of Wisconsin, Appellant,
v.
S.P.B., Respondent.
No. 90-1005.
Court of Appeals of Wisconsin.
Submitted on briefs November 19, 1990.
Decided November 28, 1990.
On behalf of the appellant, the cause was submitted on the briefs of Deborah B. Price, assistant corporation counsel for Waukesha county.
On behalf of the respondent, the cause was submitted on the brief of Charles H. Barr of Milwaukee.
Before Nettesheim, P.J., Brown and Anderson, JJ.
*394 BROWN, J.
Waukesha County appeals from a dismissal of a recommitment proceeding under ch. 51, Stats. The appeal has one issue and concerns the following statement made by the supreme court in In re D.S., 142 Wis. 2d 129, 136-37, 416 N.W.2d 292, 295 (1987):
Under the exercise of this court's superintending and administrative authority pursuant to sec. 3, art. VII, Wis. Const., we direct circuit judges henceforth to refuse to accept petitions drafted by persons not authorized to do so under sec. 51.20(4), Stats.
The trial court held that a letter filed with the trial court by a person connected with the county mental health department was not filed by a person authorized to do so under sec. 51.20(4), Stats.[1] Even though the trial court opined that the error was not prejudicial to the person alleged to be mentally ill, the court felt bound by the supreme court's directive and dismissed the proceeding. The county asks us to hold that, despite the supreme court's directive, petitions or requests drafted by persons not authorized are acceptable unless there is a finding of prejudice. We decline to do so because it would undermine the vitality of the supreme court's pronouncement.[2] We affirm.
*395 The facts are undisputed. S.P.B. was committed to the care and custody of the Waukesha County sec. 51.42, Stats., department for inpatient treatment for a term of one year, to expire November 15, 1989. The county intended to pursue recommitment. On October 25, 1989, a mental health counselor and representative of the sec. 51.42 department wrote a letter to the trial court requesting initiation of recommitment proceedings. Subsequently, the proceeding was tried to the court. At that time, S.P.B. moved to dismiss because there was no valid request or petition drafted by a statutorily authorized person.
The trial court initially denied the motion, ruling that a technical violation, if any, of the statutory requirements was not prejudicial to S.P.B. The court then took evidence, made its findings and ordered recommitment. Eventually, the trial court reversed itself, citing the admonition in D.S. It vacated the order of recommitment, dismissed the proceeding, and ordered S.P.B. released from custody at the Winnebago Mental Health Institute. The county appealed.
The crux of the appeal is whether the directive of the supreme court in D.S. is such that dismissal is warranted even if a showing of prejudice is absent from the record. The county seems to argue that dismissal is not mandated, but rather, petitions for commitment which are not drafted in accordance with sec. 51.20(4), Stats., are subject to dismissal.
The county observes that the facts in D.S. were that an unauthorized person requested the court to commence commitment proceedings. Yet, the D.S. court required not only proof that the drafting statute was not followed, but also that "this defect misled or caused prejudice . . . ." D.S., 142 Wis. 2d at 135, 416 N.W.2d at 295. Absent this showing, technical nonconformity in *396 pleading or procedure was found to be nonjurisdictional error. Id. The county asserts that if the supreme court reached the question of prejudicial error in D.S., it likewise should be a component in this case.
Alternatively, the county suggests that the D.S. directive is limited to the facts of that D.S. case. There, court personnel were involved in drafting the petitiona circumstance that the supreme court may have found offensive. The county reasons that the directive was designed to inform circuit courts that they should not allow court personnel to take part in the drafting of any requests or petitions. The county claims that since the request in the S.P.B. case was not made by a court-related person, the D.S. admonition does not apply.
We cannot agree with either argument. The question of prejudice concerned whether a technical error can rise to become a jurisdictional error. The directive, however, does not concern itself with jurisdiction. Rather, it is an administrative rule designed to impose upon trial judges the task of enforcing the statute literally. Therefore, prejudice or the lack of it is an irrelevant consideration.
We read the statement of the supreme court to be a prophylactic action designed to pronounce a bright line that cannot be crossed. We further read the statement to mean that since the supervisory directive was newly announced, it was not to be applied to the D.S. case; therefore, the issue was limited to whether the error was jurisdictional. However, as for the future, circuit judges were henceforth directed to refuse to accept petitions drafted by "persons not authorized to do so under sec. 51.20(4), Stats." D.S., 142 Wis. 2d at 136-37, 416 N.W.2d at 295 (emphasis added).
The clear, unambiguous intent is to create a rule that must be followed after D.S. If we were to allow the *397 courts to reach the prejudice component even if the directive were not followed, then the supreme court's statement would be rendered meaningless.
We feel bound to give full force and effect to the supreme court's statement and to read its directive literally. Should the supreme court mean for its directive to be subject to a prejudice component, then that is for the supreme court to say.
By the Court.Order affirmed.
NETTESHEIM, P.J. (dissenting).
The majority opinion writes the harmless error doctrine and the provisions of sec. 805.18, Stats., out of the law when a supreme court directive is violated unless the supreme court has expressly permitted application of the doctrine. The majority reasons that the supreme court's administrative directive in In re D.S., 142 Wis. 2d 129, 416 N.W.2d 292 (1987), mandates this result. I respectfully disagree.
The law of harmless error is essentially codified in sec. 805.18, Stats., which provides:
Mistakes and omissions; harmless error. (1) The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party.
(2) No judgment shall be reversed or set aside or new trial granted in any action or proceeding . . . for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure a new trial.
*398 It is important to put this case in its proper context for purposes of the issues presented on this appeal. The trial court in this case originally entered an order for recommitment against S.P.B. on November 13, 1989. S.P.B. then applied for post-commitment relief, arguing pursuant to D.S. that the petition for recommitment was drafted by the wrong person. S.P.B. made no claim that this irregularity affected any of his substantial rights. Indeed, no such claim could have been made. A review of the record reveals a full and complete protection of S.P.B.'s rights. The court, however, granted S.P.B.'s request and set aside the recommitment order based upon its reading of D.S. The court, reluctant to order a new trial based on such a technical objection, nonetheless concluded, like the majority, that a harmless error analysis was not permitted under D.S.
Waukesha county appeals this latter ruling. The county argues that if the trial court had applied sec. 805.18, Stats., the question would have been whether the error in pleading affected a substantial right of S.P.B. such that the judgment should be set aside pursuant to subsec. (2) of the statute.
This appeal really presents two levels of "error": first, the conceded error that the wrong person drafted the recommitment petition; and, second, the alleged error by the trial court in refusing to apply a harmless error analysis. I would hold that a decision whether to set aside a judgment under sec. 805.18(2), Stats., is committed to the trial court's discretion. An abuse of discretion can occur where the trial court applied the wrong legal standard. Oostburg State Bank v. United Sav. & Loan Ass'n, 130 Wis. 2d 4, 11-12, 386 N.W.2d 53, 57 (1986).
Thus, the question narrows to whether the supreme court's language in D.S. directing circuit judges "henceforth *399 to refuse to accept petitions drafted by persons not authorized to do so under sec. 51.20(4), Stats.," D.S., 142 Wis. 2d at 136-37, 416 N.W.2d at 295, precludes a harmless error analysis under sec. 805.18, Stats. I conclude that this reconciling of D.S. and sec. 805.18 presents a question of law.
The supreme court issued its directive in D.S. pursuant to its superintending and administrative capacity under art. VII, sec. 3, of the Wisconsin Constitution. The majority holds that when a directive issued under this authority is not followed, both trial and appellate review of the violation may not inquire into harmless error considerations. Understandably, no authority for this conclusion is cited because none exists.
The logic of the majority's conclusion escapes me. Even errors of constitutional dimension are subject to the harmless error doctrine. State v. Sharlow, 106 Wis. 2d 440, 448, 317 N.W.2d 150, 154 (Ct. App. 1982). I hold the same respect for supreme court directives as does the majority, but I question whether violations of such directives are entitled to the elevated trial and appellate deference conferred by the majority opinion.
The majority fears that a failure to apply the D.S. directive literally would result in the directive being rendered meaningless. Majority op. at 397, 464 N.W.2d at 104. However, the same can be said for any other trial court error when the mandate of a case, a statute, or a constitutional provision is not followed. In such a situation, that case, that statute, or that constitutional provision is also "rendered meaningless." Yet, we do not hesitate to apply harmless error principles in such cases if appropriate.
The majority also concludes that had the supreme court in D.S. wished its directive to allow for a harmless error analysis, it would have said so. I suggest that the *400 opposite should pertain. We should not read supreme court decisions to cancel out other statutes or rules. In effect, the supreme court directive in D.S. is akin to a further supreme court rule. We strive to interpret statutes and rules so that all will be operative. See Schinner v. Schinner, 143 Wis. 2d 81, 91, 420 N.W.2d 381, 385 (Ct. App. 1988). There is nothing so antagonistic between a supreme court directive on the one hand and the harmless error doctrine on the other that the two cannot comfortably be applied in this or any other case. This fact is clearly driven home in D.S. itself where the supreme court applied the harmless error doctrine in the face of the violation. (See also State v. Bangert, 131 Wis. 2d 246, 389 N.W.2d 12 (1986), where the supreme court applied the harmless error doctrine in the face of a violation of its directive relating to the taking of guilty or no contest pleas. There, the court also anticipated future application of the doctrine in such cases by the trial and appellate courts. Id. at 276, 389 N.W.2d at 27.)
The majority opinion, giving D.S. a "prophylactic" reading, precludes any trial court or appellate inquiry under sec. 805.18(2), Stats., as to the effect of a drafting irregularity upon the integrity of the trial court proceedings. Instead, the drafting error in this case, conceded by the parties, the trial court and the majority to be nonjurisdictional and nonprejudicial, somehow becomes fatal to the judgment entered in the trial court. This is contrary to the law of harmless error and the provisions of sec. 805.18(2). Such an approach elevates form over substance. S.P.B. is guaranteed not only the "fair" trial, but the "perfect" triala laudable goal but one rarely attained and never required in the law.
I conclude that the trial court was correct in its initial reluctance to grant relief on such a technicality. I conclude that the court erred in its ultimate conclusion *401 that D.S. precludes a harmless error analysis. This error of law renders the court's decision to set aside the judgment an abuse of discretion. As a result, the court must now conduct a new recommitment trial for no valid or compelling reason. This is precisely what sec. 805.18(2), Stats., was intended to prevent. I dissent.
NOTES
[1] Section 51.20(4), Stats., reads:

PUBLIC REPRESENTATION. Except as provided in ss. 51.42(3)(ar)1 and 51.437(4m)(f), the corporation counsel shall represent the interests of the public in the conduct of all proceedings under this chapter, including the drafting of all necessary papers related to the action.
This section was amended by sec. 1575, 1989 Wis. Act 31, effective August 9, 1989.
[2] The Wisconsin Supreme Court, Justice Shirley Abrahamson dissenting, refused certification of this case.