In the MATTER OF the MENTAL COMMITMENT OF RYAN E. M.:

DODGE COUNTY, Petitioner-Respondent,

v.

RYAN E. M., Respondent-Appellant.

Court of Appeals

*No. 01–1175. Submitted on briefs January 11, 2002.—Decided February 21, 2002.*

2002 WI App 71

(Also reported in 642 N.W.2d 592.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Eileen A. Hirsch*, assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Steven G. Bauer*, assistant corporation counsel, Juneau.

Before Dykman, Deininger and Lundsten, JJ.[1]

¶ 1. DYKMAN, J. Ryan E.M. appeals from an order of the circuit court denying his motion to dismiss for failing to comply with the time requirement under WIS. STAT. § 51.20(7)(a) (1999–2000)[2] and for lack of competency to proceed because documents had been filed in "probate" court rather than "juvenile court." We agree with Ryan that the requirement under § 51.20(7)(a) to hold a probable cause hearing within seventy-two hours of being detained was not met. We therefore reverse.

## Background

¶ 2. On Monday, January 22, 2001, Officer Marcie Repta took Ryan E.M. to the Mendota Mental Health Institute in Dane County for an emergency detention. According to Repta's written statement, she placed Ryan in custody after he had threatened to hurt himself and stated that he was depressed. The emergency detention statement shows that Ryan was detained at Mendota at 8:50 a.m.

¶ 3. Dodge County filed the statement of emergency detention with the circuit court on Wednesday, January 24. A probable cause hearing was held the following day at 11:22 a.m., approximately seventy-four and one-half hours after Ryan was detained. At the hearing, Ryan moved to dismiss, asserting that the hearing was not held within seventy-two hours as

---

[1] This case was converted from a one-judge appeal to a three-judge appeal pursuant to WIS. STAT. RULE 809.41(3) (1999–2000).

[2] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

492

required by WIS. STAT. § 51.20(7).[3] Ryan also moved to dismiss on the basis that the court lacked jurisdiction because he is a juvenile and the matter of his detention was improperly filed in probate court. The court orally denied Ryan's motions, and found that probable cause existed to detain Ryan. The court issued an order to this effect on February 1, 2001. The court stayed the proceedings on March 9, 2001, pending an appeal, and ordered that Ryan be released into the custody of his parents. Ryan appeals from the February 1 order denying his motion to dismiss.

## Opinion

¶ 4.    The issue in this case is whether the method of computing time set forth in WIS. STAT. § 990.001(4)(a) and (d), in which the first day is excluded, applies in the context of WIS. STAT. § 51.20(7)(a). This is a question of law that we review de novo. *Hinrichs v. American Family Mutual Ins. Co.*, 2001 WI App 114, ¶ 8, 244 Wis. 2d 191, 629 N.W.2d 44.

¶ 5.    WISCONSIN STAT. § 51.20(7)(a) requires that a probable cause hearing be held "within 72 hours after the individual arrives at the facility, excluding Satur-

---

[3] WISCONSIN STAT. § 51.20(7) provides in relevant part as follows:

> PROBABLE-CAUSE HEARING. (a) After the filing of the petition under sub. (1), if the subject individual is detained under s. 51.15 or this section the court shall hold a hearing to determine whether there is probable cause to believe the allegations made under sub. (1)(a) within 72 hours after the individual arrives at the facility, excluding Saturdays, Sundays and legal holidays. At the request of the subject individual or his or her counsel the hearing may be postponed, but in no case may the postponement exceed 7 days from the date of detention.

days, Sundays, and legal holidays." This "strict proce-
dural guideline" is mandatory and a court loses compe-
tency to proceed when there is a failure to comply with
it. *See Milwaukee County v. Louise M.*, 205 Wis. 2d 162,
171–72, 555 N.W.2d 807 (1996); *see also State ex rel.
Lockman v. Gerhardstein*, 107 Wis. 2d 325, 328–29, 320
N.W.2d 27 (1982). Although Dodge County concedes
that a probable cause hearing was not held within
seventy-two hours of the time that Ryan was detained
at Mendota Mental Health Institute, it argues that "72
hours" does not literally mean seventy-two hours.
Rather, it contends that time did not start accruing
until 12:00 a.m. on Tuesday, January 23. Computing
time this way, the hearing was held less than fifty-eight
hours after Ryan was detained, well within the seventy-
two-hour statutory requirement. To support this con-
clusion, Dodge County points to WIS. STAT.
§ 990.001(4)(d), which provides:

> Regardless of whether the time limited in any
> statute for the taking of any proceeding or the doing of
> an act is measured from an event or from the date or
> day on which such event occurs, *the day on which such
> event took place shall be excluded in the computation of
> such time.*

(Emphasis added.)[4]

■

¶ 6.   The preamble to WIS. STAT. § 990.001 states
that the rules of construction provided in that statute

---

[4] WISCONSIN STAT. § 990.001(4)(a) similarly provides:

> The time within which an act is to be done or proceeding had
> or taken shall be computed by excluding the first day and including
> the last; and when any such time is expressed in hours the whole
> of Sunday and of any legal holiday, from midnight to midnight,
> shall be excluded.

must be followed unless to do so "would produce a result inconsistent with the manifest intent of the legislature." We conclude that by expressing the time requirement in terms of hours rather than days, the legislature has manifested its intent that the clock start running immediately "after the individual arrives at the facility," rather than the next day. *See* Wis. Stat. § 51.20(7)(a).

¶ 7. The issue of how to measure a statutory time limit when that limit is expressed in hours rather than days, months, or years does not appear to have arisen in Wisconsin case law. However, several cases seem to assume that the "exclude-the-first-day" rule of Wis. Stat. § 990.001(4)(a) and (d) does not apply in the context of Wis. Stat. § 51.20, and that seventy-two hours means seventy-two hours. *See, e.g., Milwaukee County v. Delores M.*, 217 Wis. 2d 69, 72, 577 N.W.2d 371 (Ct. App. 1998) ("A person may not be held involuntarily more than seventy-two hours unless a 'probable cause' hearing is held within that seventy-two hour period."); *Shawn B.N. v. State*, 173 Wis. 2d 343, 359, 497 N.W.2d 141 (Ct. App. 1992) ("Seventy-two hours from the morning of June 14 would expire the morning of June 17.").

¶ 8. We agree with the assumption made in these cases. Excluding the entire first day renders meaningless the legislature's expression of the time limit in hours. This is because, under Dodge County's interpretation, there is no difference between a seventy-two-hour time limit and a three-day time limit. In both cases, the time for Ryan's probable cause hearing would expire at midnight on the third full day following his detention. But this is inconsistent with legislative intent as there are many statutes in which the legislature has chosen "3 days" rather than "72 hours" to express a time limit. *See, e.g.,* Wis. Stat. §§ 48.88(1m); 50.05(5);

495

and 51.13(4). If the legislature had intended Dodge County's interpretation, it would have merely stated that a probable cause hearing must be held within three days after an individual arrives at the facility.

¶ 9. Further, excluding the first day is logically incompatible with computing time measured in hours. Excluding the first day and including the last when computing time is simply a mechanism to create a fair, uniform standard for counting *days*. But when a statute expresses time in fractions of a day, usually hours, it makes no sense to apply the mechanism because we are no longer counting days and there is no confusion regarding which day to start. *See* 86 C.J.S. *Time* § 12 (1997) ("In computing time [in hours], the hours are to be counted as they move forward in consecutive order."). This is demonstrated by trying to apply WIS. STAT. § 990.001(4)(a) and (d) to time limits of less than one day. For instance, under WIS. STAT. § 938.209(2m)(a), a juvenile may not be held in a municipal lockup facility for more than six hours before he or she is given a hearing under WIS. STAT. § 938.21. Were we to adopt Dodge County's view of the application of WIS. STAT. § 990.001, that six-hour time limit would actually mean that a hearing must be held by 6:00 a.m. the next morning, rather than six hours from the time of detainment.

¶ 10. We reject this interpretation. Where the legislature has intended a time limit expressed in hours to be applied in anything but a literal manner, it has expressly stated this intent. *See, e.g.,* WIS. STAT. § 938.208(5) ("A juvenile may be held in secure custody under this subsection for no more than 24 hours *after the end of the day* that the decision to hold the juvenile was made.") (emphasis added).

¶ 11. Dodge County nevertheless insists that excluding the first day is consistent with legislative intent because, as the circuit court noted, "the intent of [Wis. Stat. § 51.20] is to try to protect people from themselves and protect the public from harm as well." But the general intent of the statute has little to do with the intent behind the seventy-two-hour time limit. Referring back to this general purpose could justify any extension of time in the name of protecting the individual and the public. This statute addresses only "emergency detentions." The purpose of the seventy-two-hour limit is to prevent individuals from being detained any longer than necessary before holding a hearing to determine probable cause. Although protecting people from harm is important, so is due process, which the time limit is intended to provide. Addressing this issue, the court in *Lessard v. Schmidt*, 349 F. Supp. 1078, 1091 (E.D. Wis. 1972), stated:

> Those who argue that ... a hearing at this time may be harmful to the patient ignore the fact that there has been no finding that the person is in need of hospitalization. The argument also ignores the fact that even a short detention in a mental facility may have long lasting effects on the individual's ability to function in the outside world due to the stigma attached to mental illness.

*See also Vitek v. Jones*, 445 U.S. 480, 491–92 (1980) (noting that commitment to a mental health hospital produces a "massive curtailment of liberty" that "can have a very significant impact on the individual"). The legislature took these competing considerations into account when enacting Wis. Stat. § 51.20(7) and determined that a time limit of seventy-two hours provides the appropriate balance. *See State v. Hungerford*, 84

Wis. 2d 236, 248, 267 N.W.2d 258 (1978) (noting that the enactment of Wis. Stat. ch. 51 was prompted by *Lessard*).

¶ 12.   Accordingly, we hold that the method of computing time by excluding the first day under Wis. Stat. § 990.001(4)(a) and (d) does not apply to Wis. Stat. § 51.20(7)(a). The circuit court lost competency to proceed when the seventy-two-hour time limit expired. We therefore remand to the circuit court with instructions to dismiss Dodge County's petition.[5]

*By the Court.*—Order reversed and cause remanded with directions.

---

[5] Because the first issue is dispositive, we need not decide Ryan's second contention, namely, that the circuit court was "not competent" to adjudicate his case because many documents in the record, including the statement of emergency detention, were received and filed in "Probate Branch, Circuit Court, Dodge County, WI" rather than in juvenile court.