# COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 7, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP297**

Cir. Ct. No. **2018ME87**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

IN THE MATTER OF THE MENTAL COMMITMENT OF R.CJ.Y.:

OZAUKEE COUNTY,

    PETITIONER-APPELLANT,

V.

R.CJ.Y.,

    RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Ozaukee County: JOSEPH W. VOILAND, Judge. *Affirmed*.

¶1    REILLY, P.J.[1] On October 22, 2018, Ozaukee County filed a Statement of Emergency Detention by Law Enforcement Officer against R.CJ.Y.[2] A probable cause hearing was scheduled for October 24, 2018. Pursuant to WIS. STAT. § 51.20(8)(bg), a settlement agreement was entered into in which R.CJ.Y. agreed to waive the probable cause hearing and agreed to a treatment plan for a ninety-day period. The court approved the settlement agreement.

¶2    On January 15, 2019, one week before expiration of the settlement agreement, the County filed a Statement of Noncompliance with Settlement Agreement per WIS. STAT. § 51.20(8)(bm) and asked the court to schedule a "final hearing." The County did not request a probable cause hearing despite R.CJ.Y. being detained. At the final hearing, R.CJ.Y. moved to dismiss on the grounds that the court lacked competency as no probable cause hearing was held. The court ultimately granted the motion, released R.CJ.Y., and dismissed the County's WIS. STAT. ch. 51 action. The County appeals.

¶3    We affirm. The language of the statute is clear. *See **State ex rel. Kalal v. Circuit Court for Dane Cty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. The parties entered into a ninety-day settlement agreement per WIS. STAT. § 51.20(8)(bg) in which R.CJ.Y. waived his right to have a probable cause hearing. When the County filed the Statement of Noncompliance with Settlement Agreement in January 2019, § 51.20(8)(bm) required the court to conduct a probable cause hearing if one had not been held prior to entry of the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] "The filing of the statement [of emergency detention] has the same effect as a petition for commitment under [WIS. STAT. §] 51.20." WIS. STAT. § 51.15(4)(b), (5).

settlement agreement and the person is detained: "If the subject individual is detained under this paragraph, the court shall hold a probable cause hearing within 72 hours from the time that the person is taken into custody under [WIS. STAT. §] 51.15 for this paragraph." Section 51.20(8)(bm) goes on to explain that if a probable cause hearing was held prior to the settlement agreement, then a probable cause hearing is not required at the time of the noncompliance and a final hearing is to be scheduled. The County did not request a probable cause hearing and one was not held prior to the final hearing, which violates the statute.

¶4 A court which fails to hold a probable cause hearing within seventy-two hours of detention loses competency to proceed. *See **Dodge Cty. v. Ryan E.M.***, 2002 WI App 71, ¶5, 252 Wis. 2d 490, 642 N.W.2d 592. As no probable cause hearing was held within seventy-two hours of the County's filing of the Statement of Noncompliance with Settlement Agreement and as no probable cause hearing was held prior to the entry of the settlement agreement, the court properly found that it did not have competency at the final hearing and appropriately released R.CJ.Y. and dismissed the County's WIS. STAT. ch. 51 action against R.CJ.Y.[3] We affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] We need not address R.CJ.Y.'s mootness argument as the merits dictate affirmance. We may decide moot issues under certain circumstances. *See **Outagamie Cty. v. Melanie L.***, 2013 WI 67, ¶80, 349 Wis. 2d 148, 833 N.W.2d 607.