# COURT OF APPEALS
# DECISION
# DATED AND FILED

## June 17, 2020

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2073**

Cir. Ct. No. 2019ME20

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

IN THE MATTER OF THE MENTAL COMMITMENT OF S.N.W.:

FOND DU LAC COUNTY,

    PETITIONER-RESPONDENT,

  V.

S.N.W.,

    RESPONDENT-APPELLANT.

APPEAL from orders of the circuit court for Fond du Lac County: DALE L. ENGLISH, Judge. *Affirmed*.

¶1      REILLY, P.J.[1]  S.N.W. appeals from an order of the circuit court for involuntary commitment and an order for involuntary medication and treatment. S.N.W. argues that the circuit court lacked competency to proceed with the final hearing as one of the medical experts failed to submit his report forty-eight hours before the hearing pursuant to WIS. STAT. § 51.20(10)(b).[2]  As we conclude that § 51.20(10)(b) does not affect the competency of the circuit court, we affirm.

¶2      S.N.W. was an inmate in Dodge County Jail in January 2019 when he began exhibiting concerning behavior, including believing that jail personnel were poisoning him, yelling, punching doors, throwing food trays, talking to himself, and threatening violence.  After a social worker, a deputy sheriff, and a representative from Dodge County Human Services all concluded that S.N.W. was

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2]  S.N.W. also argues that Fond du Lac County failed to establish that he is dangerous under WIS. STAT. § 51.20(1)(a).  For the reasons that follow, we decline to reach that issue. S.N.W. appeals from his initial orders for involuntary commitment and involuntary medication and treatment.  We note that these initial orders expired on August 6, 2019, and the circuit court entered an extension of commitment and medication orders on August 2, 2019, effective August 6, 2019, through August 5, 2020.  As a result, we recognize that S.N.W.'s appeal of his initial commitment and medication orders are moot as he is no longer subject to the expired orders. *See Portage County v. J.W.K.*, 2019 WI 54, ¶31, 386 Wis. 2d 672, 927 N.W.2d 509.  We generally decline to reach moot issues. *Id.*, ¶12.  We may, in our discretion, choose to address moot issues where "(1) 'the issues are of great public importance;' (2) 'the constitutionality of a statute is involved;' (3) 'the situation arises so often a definitive decision is essential to guide the trial courts;' (4) 'the issue is likely to arise again and should be resolved by the court to avoid uncertainty;' or (5) the issue is 'capable and likely of repetition and yet evades review.'"  *Id.* (citation omitted).  For these reasons, we choose to address the failure to comply with § 51.20(10)(b), but for the reasons discussed in *J.W.K.*, we will not address S.N.W.'s challenge to the sufficiency of the evidence of the dangerousness element as it is fact-intensive and "[e]ach order must independently be based upon current, dual findings of mental illness and dangerousness; accordingly, the sufficiency of the evidence supporting prior orders has no impact on any subsequent order."  *J.W.K.*, 386 Wis. 2d 672, ¶21.  Going forward, if S.N.W. is again subject to a recommitment hearing, the circuit court should look to our supreme court's recent pronouncement in *Langlade County v. D.J.W.*, 2020 WI 41, ¶¶32-57, 391 Wis. 2d 231, 942 N.W.2d 277, for its discussion of the required showing of dangerousness under § 51.20(1)(a)2.

"a harm to himself and needs behavioral health treatment," the deputy sheriff filed a WIS. STAT. ch. 51 statement of emergency detention pursuant to WIS. STAT. § 51.15(4) and (5),[3] and S.N.W. was transferred to Winnebago Mental Health Institute.

¶3 A probable cause hearing was properly conducted in Dodge County Circuit Court, and the court found probable cause to support S.N.W.'s continued detention and the administration of medication and treatment subject to a final hearing. The next day, Dodge County moved for a change of venue, arguing that S.N.W. last resided in either Fond du Lac or Columbia Counties prior to his incarceration and his case should be transferred to one of those counties. The court held a hearing, and venue was transferred to Fond du Lac County (the County) on February 4, 2019. That same day, Fond du Lac County Circuit Court set the final hearing for February 7, 2019, and ordered that Dr. Tracy Luchetti, Ph.D., and Dr. Marshall Bales, M.D., examine S.N.W. and submit a report on his condition. While Dr. Bales' report came in after the forty-eight hour deadline provided by WIS. STAT. § 51.20(10)(b), it was received by the parties before the final hearing.

¶4 The final hearing was held on February 7, 2019, and the County called Dr. Bales.[4] The circuit court received Dr. Bales' testimony and receipt of his report into evidence over the objection of S.N.W. S.N.W. objected to Dr. Bales' report as it was submitted less than forty-eight hours prior to the final

---

[3] "The filing of the statement [of emergency detention] has the same effect as a petition for commitment under [WIS. STAT. § ] 51.20." WIS. STAT. § 51.15(4)(b), (5).

[4] The County also called Dr. Maria Raines, M.D., who had been treating S.N.W. at Winnebago Mental Health Institute. Dr. Raines' testimony is not at issue in this appeal.

hearing in violation of WIS. STAT. § 51.20(10)(b). The circuit court denied S.N.W.'s objection and concluded that the County had met its burden to prove that S.N.W. was mentally ill, a proper subject for treatment, and dangerous. The court entered a commitment order and an order for involuntary medication and treatment.[5] S.N.W. appeals.

¶5 The County in a WIS. STAT. ch. 51 involuntary commitment has the burden to prove by clear and convincing evidence at a final hearing[6] that the person is (1) mentally ill, (2) a proper subject for treatment, and (3) dangerous. *See* WIS. STAT. § 51.20(1)(a)1.-2., (13)(e); ***Fond du Lac County v. Helen E.F.***, 2012 WI 50, ¶20, 340 Wis. 2d 500, 814 N.W.2d 179. Prior to the final hearing, § 51.20(9)(a)1. provides that the court "shall appoint 2 licensed [medical experts in the fields of medicine, psychology, or psychiatry] to personally examine the subject individual." "A written report shall be made of all such examinations and filed with the court." Sec. 51.20(9)(a)5. At issue in this case is the provision in § 51.20(10)(b), providing that "Counsel for the person to be committed shall have access to all psychiatric and other reports 48 hours in advance of the final hearing." Dr. Bales failed to submit his report prior to the forty-eight hour deadline.

---

[5] S.N.W. does not challenge or make any specific arguments regarding the order for involuntary medication and treatment.

[6] Where an individual is taken into custody pursuant to WIS. STAT. § 51.15, as S.N.W. was in this case, an individual has a right to a hearing to determine probable cause for the commitment within seventy-two hours after he or she is taken into custody. WIS. STAT. § 51.20(2)(b), (7)(a). If the court determines that there is probable cause to believe that the individual is a proper subject for a commitment under § 51.20(1), then the court must schedule a final hearing within fourteen days "from the time of detention of the subject individual." Sec. 51.20(7)(c).

¶6 S.N.W. argues that as a result of Dr. Bales submitting his report less than forty-eight hours prior to the hearing, the circuit court lacked competency to proceed with the final hearing and the case should have been dismissed. In the alternative, S.N.W. argues that if the circuit court retained competency, then the court should have excluded Dr. Bales' report and testimony. S.N.W. asserts that the strict time limits found in WIS. STAT. ch. 51 are "central to its due process guarantee" and the violation of those time limits "can deprive the circuit court of competency." The County fails to address the competency issue head-on and argues the circuit court had the discretion to receive Dr. Bales' report and testimony under the facts and circumstances of this case given the change in venue, which left only three days available to obtain the two independent examining reports and hold the final hearing.

¶7 Our resolution of whether WIS. STAT. § 51.20(10)(b) implicates competency turns on the interpretation of the statute, which is a question of law that we review de novo. *See McNeil v. Hansen*, 2007 WI 56, ¶7, 300 Wis. 2d 358, 731 N.W.2d 273; *see also Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶7, 273 Wis. 2d 76, 681 N.W.2d 190. We conclude that § 51.20(10)(b) does not affect the court's competency to exercise jurisdiction. We also conclude, under the facts presented, that Dr. Bales' failure to submit the examination report more than forty-eight hours prior to the final hearing did not affect S.N.W.'s substantial rights, and the circuit court did not err in admitting Dr. Bales' report or testimony.

¶8 S.N.W. draws parallels between the forty-eight hour time period in WIS. STAT. § 51.20(10)(b) and the seventy-two hour requirement for a probable cause hearing in § 51.20(7)(a) and the fourteen day requirement for a final hearing found in § 51.20(7)(c). Case law is clear that failure to hold either the probable cause hearing or the final hearing within statutory time limits deprives the circuit

court of competency. ***Dodge County v. Ryan E.M.***, 2002 WI App 71, ¶5, 252 Wis. 2d 490, 642 N.W.2d 592; ***G.O.T. v. Rock County***, 151 Wis. 2d 629, 633, 445 N.W.2d 697 (Ct. App. 1989); ***State ex rel. Lockman v. Gerhardstein***, 107 Wis. 2d 325, 328-29, 320 N.W.2d 27 (Ct. App. 1982). No statutory or case law supports the concept that a late-filed evaluation report operates in the same manner, and our review of the statute indicates the opposite.

¶9      In reviewing the operation of WIS. STAT. § 51.20(10)(b), we look to other provisions of § 51.20. For example, § 51.20(10)(c) provides:

> The court shall hold a final hearing to determine if the allegations specified in sub. (1) are true. Except as otherwise provided in this chapter, the rules of evidence in civil actions and [WIS. STAT. §] 801.01(2) apply to any judicial proceeding or hearing under this chapter. *The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings that does not affect the substantial rights of either party.*

(emphasis added); *see also* WIS. STAT. § 805.18(1) ("The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party."); ***Waukesha County v. S.L.L.***, 2019 WI 66, ¶27, 387 Wis. 2d 333, 929 N.W.2d 140 ("[Section] 51.20(10)(c) incorporates the rules of civil procedure to the extent they do not conflict with [ch.] 51.").[7] We also note that under § 51.20(13)(g)2r.,

---

[7] Other provisions of WIS. STAT. § 51.20(10) address similar procedural matters. Section 51.20(10)(a) provides that "[t]he provision of notice of potential witnesses shall not bar either party from presenting a witness at the final hearing whose name was not in the notice unless the presentation of the witness without notice is prejudicial to the opposing party." Section 51.20(10)(cm) also provides that if a commitment petition is filed under subd. para. (1)(a)2.e., the county must provide an initial recommended written treatment plan that contains the goals of treatment prior to or at the final hearing, but "[f]ailure to furnish a treatment plan under this paragraph does not constitute grounds for dismissal of the petition unless the failure is made in bad faith."

addressing recommitment procedures, the department "shall" file an evaluation and recommendation within twenty-one days prior to the expiration of the prior commitment, but the statute expressly provides that "[a] failure of the department or the county department to which an individual is committed to file an evaluation and recommendation under this subdivision does not affect the jurisdiction[8] of the court over a petition for recommitment." Sec. 51.20(13)(g)2r.

¶10     We conclude that WIS. STAT. § 51.20(10)(b) does not affect the competency of the court. Under similar circumstances where an evaluation must be conducted and provided to the court within a certain time period, § 51.20(13)(g)2r. is clear that a failure to comply with the deadline does not deprive the circuit court of competency. Further, we disagree with S.N.W. that a late-filed evaluation report is comparable to a hearing delay. Unlike a violation of the deadline for the probable cause hearing or the final commitment hearing, where the delay extends an individual's involuntary detention, the subject individual's liberty is not being directly impacted as a result of a late-filed report. *See Ryan E.M.*, 252 Wis. 2d 490, ¶11; *Gerhardstein*, 107 Wis. 2d at 330.

¶11     WISCONSIN STAT. § 51.20(10)(c) is clear that "in every stage of the action," the circuit court must ("shall") "disregard any error or defect in the

---

[8] In *In re K.E.K.*, No. 2018AP1887, unpublished slip op. (WI App. Sept. 26, 2019), a recent, unpublished decision of this court, *see* WIS. STAT. § 809.23(3)(b), the court of appeals considered whether the circuit court lacked competency to order involuntary commitment because the county failed to file its recommitment petition prior to the time set forth in the statute—at least twenty-one days before the expiration of the previously imposed commitment, *K.E.K.*, No. 2018AP1887, unpublished slip op. ¶10. The court concluded, based on our supreme court's discussion in *City of Eau Claire v. Booth*, 2016 WI 65, 370 Wis. 2d 595, 882 N.W.2d 738, that "the only reasonable reading of 'does not affect the jurisdiction of the court' is that a failure to comply with the 21-day filing time limit does not affect a court's competency to exercise jurisdiction." *K.E.K.*, No. 2018AP1887, unpublished slip op. ¶15.

pleadings or proceedings that does not affect the substantial rights of either party." *See also **In re D.S.**,* 142 Wis. 2d 129, 135-36, 416 N.W.2d 292 (1987) ("There must be a further showing that [the] defect misled or caused prejudice before noncompliance with procedural statutory requirements may result in reversal of the circuit court's holding. Absent this showing, technical nonconformity in pleading or procedure is a nonjurisdictional error."). The failure of Dr. Bales to submit his report forty-eight hours before the hearing was a "defect in the pleadings or proceedings"; therefore, the circuit court was within its right to disregard the error provided the error did not affect the substantial rights of S.N.W.

¶12    We now consider whether the failure to comply with the procedural provision affected S.N.W.'s substantial rights. For an error to "affect the substantial rights" of a party, there must be a reasonable possibility that the error contributed to the outcome of the action or proceeding at issue. ***State v. Dyess***, 124 Wis. 2d 525, 543, 547, 370 N.W.2d 222 (1985). A reasonable possibility of a different outcome is a possibility sufficient to "undermine confidence in the outcome." ***Id.*** at 544-45 (citation omitted). "If the error at issue is not sufficient to undermine the reviewing court's confidence in the outcome of the proceeding, the error is harmless." ***Evelyn C.R. v. Tykila S.***, 2001 WI 110, ¶28, 246 Wis. 2d 1, 629 N.W.2d 768.

¶13    S.N.W. has not identified how the failure to have Dr. Bales' report more than forty-eight hours prior to the final hearing undermines our confidence in the outcome of the proceeding. S.N.W. argues that the forty-eight hour deadline protects the due process rights of the individual in the commitment proceeding,

8

including the right to effective assistance of counsel and the right to present and cross-examine witnesses.[9] *See* WIS. STAT. § 51.20(3), (5)(a); ***Winnebago County v. J.M.***, 2018 WI 37, ¶7, 381 Wis. 2d 28, 911 N.W.2d 41. Even if we were to conclude that Dr. Bales' failure to submit his report more than forty-eight hours in advance of the final hearing violated S.N.W.'s due process rights, which we do not, S.N.W. has not identified any prejudice that S.N.W. suffered as a result of having twenty-four hours as opposed to forty-eight hours to review Dr. Bales' report. *See **State v. Sharlow***, 106 Wis. 2d 440, 448, 317 N.W.2d 150 (Ct. App. 1982) ("Even errors of constitutional dimension are subject to the harmless error doctrine.").

¶14 As S.N.W. has not offered any evidence that receipt of Dr. Bales' report twenty-four hours before the final hearing affected his substantial rights, we conclude that the circuit court did not err in receiving Dr. Bales' report and testimony into evidence.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[9] S.N.W.'s argument is belied by WIS. STAT. § 51.20(10)(a), which allows witnesses who the parties have not named to be called as long as prejudice is not shown. *Id.* ("Within a reasonable time prior to the final hearing, each party shall notify all other parties of all witnesses he or she intends to call at the hearing and of the substance of their proposed testimony. The provision of notice of potential witnesses shall not bar either party from presenting a witness at the final hearing whose name was not in the notice unless the presentation of the witness without notice is prejudicial to the opposing party.").