COURT OF APPEALS
DECISION
DATED AND FILED

July 28, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP105-FT**

STATE OF WISCONSIN

Cir. Ct. No. 2019ME516

IN COURT OF APPEALS
DISTRICT II

---

IN THE MATTER OF THE MENTAL COMMITMENT OF M.J.S.:

WAUKESHA COUNTY,

    PETITIONER-RESPONDENT,

  V.

M.J.S.,

    RESPONDENT-APPELLANT.

---

APPEAL from orders of the circuit court for Waukesha County: LLOYD V. CARTER and MARIA S. LAZAR, Judges. *Affirmed.*

¶1 REILLY, P.J.[1] M.J.S. appeals from an order of the circuit court extending his involuntary commitment and from an order denying his postdisposition motion.[2] M.J.S. sought a jury trial on the extension of his commitment, but the circuit court found that M.J.S.'s jury demand was untimely pursuant to WIS. STAT. § 51.20(11)(a). M.J.S. argues that as his final hearing was adjourned by the court, his jury demand was not untimely, and, further, our supreme court's COVID-19 pandemic orders altered the deadlines in his case. We agree with the circuit court's conclusion that M.J.S.'s jury demand was untimely and that the supreme court orders are inapplicable. Accordingly, we affirm.

*Background*

¶2 M.J.S. was first subject to a six-month original commitment following a final hearing on October 15, 2019.[3] Waukesha County (the County) petitioned to extend the commitment on March 3, 2020. The circuit court scheduled a final hearing to be held on March 31, 2020, and provided the parties with notice of the final hearing by letter dated March 3, 2020.[4] M.J.S. does not argue that notice was improperly provided. Counsel was appointed six days later.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] The Honorable Lloyd V. Carter entered the order extending M.J.S.'s involuntary commitment. The Honorable Maria S. Lazar entered the order denying M.J.S.'s postdisposition motion.

[3] Although this was the first commitment, the record indicates that he "suffers from a schizophrenic disorder" and he "has a long-term history (from December, 1996, through March, 2019), of receiving intensive out-patient services for his mental health condition as part of the Waukesha County Community Support Program."

[4] A notice of extension of commitment hearing and witnesses was also provided to M.J.S. on March 25, 2020.

On March 27, counsel requested an adjournment of the final hearing to "allow for better preparation and a different attorney to be assigned." The court granted the request, and the final hearing was adjourned to April 7. New counsel was appointed on March 30, and M.J.S. filed a jury demand on April 3.

¶3 During this same period, the COVID-19 pandemic struck Wisconsin, and our supreme court issued two orders that M.J.S. argues are relevant to this case. The first, issued on March 22, 2020, ordered that "all civil and criminal jury trials scheduled to begin before May 22, 2020, are continued and will be rescheduled by the presiding judge to a date after May 22, 2020." *In Re the Matter of Jury Trials During the COVID-19 Pandemic* 3 (S. Ct. Order issued March 22, 2020). The order further allowed "circuit courts or parties [to] file a motion with this court seeking an exception to this order." ***Id.*** The second, issued on March 31, 2020, ordered the deadlines for conducting jury trials under WIS. STAT. § 51.20(11)(a) "temporarily suspended." Interim Rule 20-02 *In the Matter of an Interim Rule Re: Suspension of Deadlines for Non-Criminal Jury Trials Due to the COVID-19 Pandemic* 8 (March 31, 2020).

¶4 At the April 7 hearing, the circuit court denied M.J.S.'s jury demand, concluding that the request was untimely under WIS. STAT. § 51.20(11)(a) as it was not filed more than forty-eight hours before the original March 31 final hearing date. M.J.S. then sought an adjournment until April 14. At the final hearing, after reviewing the evidence and arguments of the parties, the circuit court granted the County's request for an extension and entered orders for the extension of the involuntary commitment and involuntary medication and treatment effective for one year.

¶5 M.J.S. filed a postdisposition motion, arguing that his demand for a jury trial was timely, and since his request was timely, his recommitment petition was subject to our supreme court's COVID-19 orders, and the County "was required to seek emergency relief from the Supreme Court's jury trial moratorium prior to the April 15 recommitment deadline," which it failed to do. M.J.S. asked to be released or, in the alternative, that the court hold a jury trial. The court denied the motion in a lengthy, written decision, again finding that M.J.S.'s jury demand was untimely. Further, as his "jury demand was untimely filed *before* any statutory deadline was suspended or otherwise altered" by our supreme court's COVID-19 orders, those orders "did not impact this case." M.J.S. appeals.[5]

*Discussion*

¶6 At issue in this case is the language found in WIS. STAT. § 51.20(11)(a), addressing jury trials for involuntary commitments. That statute provides in pertinent part:

> If before involuntary commitment a jury is demanded by the individual against whom a petition has been filed under sub. (1) or by the individual's counsel if the individual does not object, the court shall direct that a jury of 6 people be selected to determine if the allegations specified in sub. (1)(a) or (ar) are true. *A jury trial is deemed waived unless demanded at least 48 hours in advance of the time set for final hearing, if notice of that time has been previously provided to the subject individual or his or her counsel.*

---

[5] M.J.S.'s notice of appeal indicates that he appeals from the order extending his involuntary commitment, the order for involuntary medication and treatment, the order denying his jury request, and the decision denying his motion for postdisposition relief. M.J.S. does not challenge the circuit court's finding that the County has satisfied the elements under WIS. STAT. § 51.20(1)(a) for extension of his commitment nor does he make an argument regarding the order for involuntary medication and treatment.

*Id.* (emphasis added). "Resolution of this issue requires us to interpret and apply [this statutory language], which presents a question of law for our independent review." *Marathon County v. R.J.O.*, 2020 WI App 20, ¶38, 392 Wis. 2d 157, 943 N.W.2d 898.

¶7    M.J.S. challenges the circuit court's finding that his request for a jury trial was "waived"[6] pursuant to WIS. STAT. § 51.20(11)(a). M.J.S. argues that nothing in § 51.20(11)(a) "implies that 'the time set for final hearing' refers only to the time *originally* set for a final hearing"; therefore, the forty-eight hour deadline should have come before the adjourned final hearing on April 7, 2020, not March 31, 2020. M.J.S. also claims that this case is distinct as it "occurred against the backdrop of a global pandemic." The County argues that our decision in *R.J.O.* controls, as this court "made it clear [that] a jury demand must be filed at least 48 hours prior to the time the final hearing is set, not when the final hearing is held." We agree.

¶8    In *R.J.O.*, as applicable to this case, the "time set" for the original final hearing was August 10, 2016. *R.J.O.*, 392 Wis. 2d 157, ¶5. No jury trial request was made before that date, and R.J.O. did not attend the hearing, despite the court finding that notice was properly provided. *Id.*, ¶¶6-7. The court issued a detention order, and the final hearing was eventually held June 9, 2017, soon after R.J.O. was detained. *Id.*, ¶¶7, 10-11. Counsel for R.J.O. made two jury demands in the interim, but the demands were both made after the original hearing date had

_____

[6] We recognize that under this facts of this case, the circumstances may be more appropriately defined as *forfeiture*, but the legislature has deemed that an individual *waives* his or her right to a jury trial where he or she fails to file a jury demand forty-eight hours in advance of the final hearing. *See* WIS. STAT. § 51.20(11)(a). Under the circumstances, this is a distinction without a difference.

passed. *Id.*, ¶¶9-10. The circuit court denied the jury demand as untimely. *Id.*, ¶11. On appeal, we agreed that the request was untimely, explaining that WIS. STAT. § 51.20(11)(a) "requires a subject individual to request a jury trial at least forty-eight hours before 'the time set for final hearing,' not at least forty-eight hours before the final hearing actually occurs."[7] *R.J.O.*, 392 Wis. 2d 157, ¶41.

¶9     M.J.S. attempts to distinguish *R.J.O.* on the basis that the case did not involve an adjournment that took place more than forty-eight hours before the final hearing; thus, M.J.S. is not "asking the trial court to revive a time limitation that" had already been violated. We agree with the circuit court that the meaning of the phrase "time set for final hearing" was addressed in both *R.J.O.* and *Waukesha County v. E.J.W.*, No. 2020AP370, unpublished slip op. (WI App Nov. 4, 2020), with both courts reaching the conclusion that the "time set" means the date set, not the date held, and "[t]here is no reference to whether and how or why the final hearing date is adjourned." M.J.S. received notice by letter dated March 3, 2020, that the final hearing was scheduled for March 31, 2020. Per WIS. STAT. § 51.20(11)(a), M.J.S. therefore had forty-eight hours prior to March 31, 2020, to

---

[7] We reached the same conclusion in a recent unpublished decision, *Waukesha County v. E.J.W.*, No. 2020AP370, unpublished slip op. (WI App Nov. 4, 2020). There, the original final hearing was scheduled for March 5, 2019. *Id.*, ¶2. At that hearing, E.J.W. requested new counsel, which the circuit court granted, and orally requested a jury trial. *Id.*, ¶3. The hearing was adjourned until March 12. *Id.* New counsel filed a jury demand on March 8, which the circuit court denied as untimely. *Id.*, ¶4. Relying on *Marathon County v. R.J.O.*, 2020 WI App 20, ¶38, 392 Wis. 2d 157, 943 N.W.2d 898, we agreed with the circuit court that E.J.W. waived his right to a jury trial under WIS. STAT. § 51.20(11)(a), explaining that "we see no basis either in the *R.J.O.* decision or the statute for concluding that an extension excuses the failure to timely file a jury demand before the 'time set for the final hearing.'" *E.J.W.*, No. 2020AP370, ¶11. We may cite an unpublished decision "for its persuasive value." WIS. STAT. RULE 809.23(3)(b).

Our supreme court granted the petition for review in *E.J.W.* on February 24, 2021, and M.J.S. filed a petition to bypass and consolidate this case with *E.J.W.*, arguing that "[t]his appeal presents an issue nearly identical to the one being raised in" *E.J.W.* Our supreme court denied the petition to bypass on June 16, 2021.

make his jury demand. He failed to file a jury demand forty-eight hours "in advance of the time set for final hearing." *See* § 51.20(11)(a). Absent a contrary pronouncement from our supreme court, we are bound by this interpretation. *See Cook v. Cook*, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997); *E.J.W.*, No. 2020AP370, ¶¶10-11.

¶10 M.J.S. further claims that the County "sidesteps this appeal's primary issue" by relying on *R.J.O.*, as the issue is really whether "the Circuit Court properly exercised its authority on March 27 to move 'the time set for final hearing' to April 7." M.J.S.'s position is that the circuit court has the authority to change hearing dates; thus, "the time set for final hearing" does not "always mean the time *originally* set for the final hearing." We disagree.

¶11 We see no basis in the language of the statute for a finding that whether the hearing was adjourned by the court before or after the deadline for a jury demand had passed or whether it was done properly or due to lack of appearance by a party in anyway impacts *R.J.O.*'s holding. Finding that the statutory language applies differently under different circumstances would undermine the forty-eight hour deadline. The time limits involved in WIS. STAT. ch. 51 proceedings are "strict procedural guideline[s]," and the circuit court loses competency to proceed where it fails to comply with these time limits. *See Dodge County v. Ryan E.M.*, 2002 WI App 71, ¶5, 252 Wis. 2d 490, 642 N.W.2d 592; *see also* WIS. STAT. § 51.20(7)(a), (7)(c), (11)(a). If the statute was read to allow an individual to seek an adjournment and thereby delay a jury demand, it would neuter the strict statutory time limits our legislature has imposed.

¶12 As a result of our conclusion that M.J.S.'s jury demand was untimely, we agree with the circuit court that our supreme court's COVID-19

orders have no impact on this case. The March 22, 2020 order "continued" all jury trials "*scheduled* to begin before May 22, 2020." (Emphasis added.) As there was no jury trial requested or scheduled in this case prior to the supreme court order on March 22, 2020, that order is not applicable. As for the March 31, 2020 order, which provided that the deadlines for jury trials under WIS. STAT. § 51.20(11)(a) were temporarily suspended, by the time our supreme court entered this order, the deadline to make a jury demand in this case had already expired. M.J.S. implores us to consider the circumstances surrounding the COVID-19 pandemic and explains that "[d]ue process demands flexibility in times of uncertainty." We are not insensitive to his pleas, but we agree with the circuit court that the March 31, 2020 order "did not breathe new life into expired deadlines" absent "a more express statement by the State Supreme Court." Neither order alters our conclusion that M.J.S. waived his right to a jury trial as his request was untimely.

> *By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.