STATE of Wisconsin EX REL. Vivian LOCKMAN,
Petitioner-Appellant,

v.

Richard GERHARDSTEIN, M.D., Respondent.
[Case No. 81–780.]

IN the MATTER OF Vivian LOCKMAN : Vivian LOCKMAN,
Appellant,

v.

COMBINED COMMUNITY SERVICES BOARD OF
MILWAUKEE COUNTY, Respondent.
[Case No. 81–794.]

Court of Appeals

*Nos. 81–780, 81–794. Submitted on briefs March 18, 1982.—
Decided April 21, 1982.*
(Also reported in 320 N.W.2d 27.)

For the appellant the cause was submitted on the briefs of *Thomas K. Zander*, chief attorney, office of state public defender, mental health division.

For the respondents the cause was submitted on the brief of *George E. Rice*, deputy corporation counsel, and *Robert A. McKnight*, principal assistant corporation counsel.

Before Decker, C.J., Moser, P.J., and Randa, J.

MOSER, P.J. Vivian Lockman (Lockman) appeals from a final commitment order and an order denying her petition for writ of habeas corpus.[1] Both orders construed the reference in sec. 51.20(7)(c), Stats., to "14 days" to mean fourteen business days. We determine that the phrase refers to fourteen calendar days. We accordingly reverse both orders.

On December 26, 1980, Lockman was taken into custody by city of Milwaukee police officers pursuant to sec. 51.15, Stats. As required by sec. 51.20(7)(a), a probable cause hearing was held on December 30, 1980. The trial court found probable cause to detain Lockman and scheduled a final hearing on January 9, 1981. On that date, at the request of the state, the hearing was adjourned because one of the police officers was unavailable to testify.

Lockman petitioned the circuit court for a writ of habeas corpus and discharge alleging that she had been denied her right to a final commitment hearing within fourteen days of her detention as required by sec. 51.-

---

[1] The parties stipulated to the consolidation of these actions for consideration on appeal. On May 14, 1981, this court ordered the appeals consolidated.

20(7)(c), Stats. Circuit Judge Michael D. Guolee heard the petition on January 14, 1981. In an order entered February 16, 1981, Judge Guolee denied the petition, finding that the fourteen day time limitation in sec. 51.20(7)(c) refers to fourteen business days.

The final commitment hearing was held on January 16, 1981, before Circuit Judge Elliot N. Walstead. Judge Walstead also determined that the "14 days" in sec. 51.20 (7)(c), Stats., means fourteen business days. In an order entered on January 20, 1981, Judge Walstead found Lockman mentally ill, in need of treatment and dangerous to herself and others, and committed her to the custody of the Combined Community Services Board of Milwaukee County.

The only issue before this court is whether the fourteen day time limit in sec. 51.20(7)(c), Stats., refers to calendar days or business days. Resolution of this issue requires construction of the statute. Statutory construction involves a question of law. We need not give any special deference to the trial court's determinations on questions of law.[2]

Under sec. 51.20(7)(c), Stats., if the court determines that there is probable cause to believe the allegations upon which an individual's detention is based, "it shall schedule the matter for a hearing within 14 days from the time of detention of the subject individual . . . ." Section 990.001 mandates that we construe this time limit in the manner prescribed by sec. 990.001(4), unless the computation "would produce a result inconsistent with the manifest intent of the legislature." Section 990.001(4)(a) provides:

(4) Time, How Computed. (a) The time within which an act is to be done or proceeding had or taken shall be

---

[2] *Hucko v. Jos. Schlitz Brewing Co.*, 100 Wis. 2d 372, 376, 302 N.W.2d 68, 71 (Ct. App. 1981).

computed by excluding the first day and including the last; and when any such time is expressed in hours the whole of Sunday and of any legal holiday, from midnight to midnight, shall be excluded.

Section 990.001(4), Stats., clearly requires that the "14 days" in sec. 51.20(7)(c) be construed as fourteen calendar days. This construction is consistent with the manifest intent of the legislature as interpreted by our supreme court.

In *State v. Hungerford*,[3] our supreme court noted that chapter 51, Stats., was enacted in response to *Lessard v. Schmidt*,[4] which held, in part, that, "ten to fourteen days should be the maximum period which an individual can be detained without a full hearing."[5] The Wisconsin Supreme Court's analysis pointed out that under sec. 51.20(8)(c) (now sec. 51.20(7)(c)),[6] any person who is subject to an involuntary commitment proceeding has "the right under most circumstances to a full commitment hearing within two weeks of being taken into custody."[7] In our opinion, the phrase "within two weeks" can only mean fourteen calendar days.

The supreme court's interpretation of sec. 51.20(7)(c), Stats., is binding on this court. We accordingly hold that the trial court lost jurisdiction over Lockman as a consequence of its failure to hold a final commitment hearing within fourteen calendar days of Lockman's

---

[3] 84 Wis. 2d 236, 249, 267 N.W.2d 258, 265 (1978).

[4] 349 F. Supp. 1078 (E.D. Wis. 1972), *vacated and remanded*, 414 U.S. 473 (1974), *judgment reentered*, 379 F. Supp. 1376 (1974), *vacated and remanded*, 421 U.S. 957–58 (1975), *judgment reinstated*, 413 F. Supp. 1318 (1976).

[5] *Id.* at 1092.

[6] Sec. 51.20(8)(c), Stats., was renumbered as sec. 51.20(7)(c) and amended by sec. 36, ch. 428, Laws of 1977. The amendment did not affect the portion of the statute at issue here.

[7] *Hungerford, supra* note 3, at 249, 267 N.W.2d at 265.

detention and should have dismissed the proceedings against her.[8]

The state argues that compliance with sec. 51.20(7) (c), Stats., is not jurisdictional because the statute is directory rather than mandatory. The state relies on language in *Karow v. Milwaukee County Civil Service Commission*[9] to support this contention. We believe that the *Karow* holding requires that we construe the fourteen day time limit in sec. 51.20(7)(c) to be mandatory. In *Karow*, our supreme court noted:

> This court has stated that "a statute prescribing the time within which public officers are required to perform an official act is merely directory, unless it denies the exercise of power after such time, or the nature of the act, or the statutory language, shows that the time was intended to be a limitation."
>
> . . . .
>
> However, the omission of a prohibition or a penalty is only one factor to be considered in the analysis of whether the legislature intended the provision to be mandatory or directory. Other factors to be considered are the consequences resulting from one construction or the other, the nature of the statute, "the evil to be remedied, and the general object sought to be accomplished" by the legislature.
>
> We have said that a time limit may be construed as directory when allowing something to be done after the time prescribed would not result in an injury. But where the failure to act within the statutory time limit does work an injury or wrong, this court has construed the time limit as mandatory.[10]

The supreme court has held that the statutory time limit for holding a hearing on the forfeiture of a car

---

[8] *See State v. Woehrer*, 83 Wis. 2d 696, 698, 266 N.W.2d 366, 368 (1978); *Logan v. State*, 43 Wis. 2d 128, 138, 168 N.W.2d 171, 176 (1969).

[9] 82 Wis. 2d 565, 263 N.W.2d 214 (1978).

[10] *Id.* at 571–72, 263 N.W.2d at 217–18 (citations omitted).

under the Uniform Controlled Substances Act was mandatory because the car owner's interest in the use of his vehicle is jeopardized.[11] The supreme court has also determined that the statutory time limit for holding a hearing on the charges against a public employee suspended without pay has to be mandatory because the employee is suffering injury to both his livelihood and his reputation.[12] Certainly an individual such as Lockman, who is incarcerated and deprived of her liberty until the holding of a final commitment hearing, is injured to an even greater degree.

We conclude that the fourteen day time limit in sec. 51.20(7)(c), Stats., is mandatory and cannot be varied at the discretion of the trial court.

*By the Court.*—Orders reversed.

[11] *State v. Rosen,* 72 Wis. 2d 200, 208, 240 N.W.2d 168, 171–72 (1976).

[12] *Karow, supra* note 8, at 573, 263 N.W.2d at 218.