IN the MATTER OF the MENTAL CONDITION OF
G.O.T: G.O.T., Appellant,

v.

ROCK COUNTY, Respondent.

Court of Appeals

*No. 88-2005. Submitted on briefs June 21, 1989.—Decided July
13, 1989.*

(Also reported in 445 N.W.2d 697.)

For the appellant the cause was submitted on the briefs of *Kenneth P. Casey,* assistant state public defender.

For the respondent the cause was submitted on the brief of *Thomas G. White,* assistant district attorney.

Before Gartzke, P.J., Eich and Sundby, JJ.

GARTZKE, P.J.   G.O.T. appeals from an order entered May 24, 1988, continuing his involuntary civil commitment for one year. He requests that we vacate the order and remand with directions to dismiss the petition to extend his commitment. The primary issue is whether the trial court lacked competency to enter the order to extend his commitment. A secondary issue is whether G.O.T. was entitled to a jury trial. We conclude that G.O.T. was entitled to a jury trial, but that the court lost competency by failing to hear and decide the petition before the commitment had expired. We vacate the order and remand with directions to dismiss the petition.

On November 4, 1987 the trial court ordered G.O.T. committed for six months to the custody of the community board for Rock county as authorized by sec. 51.20(13)(g)1., Stats. 1985.[1] The commitment followed a verdict that G.O.T. was mentally ill, dangerous to himself and a proper subject for treatment. G.O.T. did not appeal the order.

Section 51.20(13)(g)1., Stats., provides in material part:

[T]he first order of commitment of a subject individual under this section may be for a period not to exceed 6 months, and all subsequent consecutive orders of commitment of the individual may be for a period not to exceed one year.

---

[1] Unless otherwise noted, all references are to the 1985–86 statutes.

631

G.O.T.'s commitment was therefore due to expire on May 4, 1988 unless extended.

On April 25, 1988 the county petitioned to extend G.O.T.'s commitment. The trial court set the hearing on the extension petition for April 28, 1988 at 8:45 a.m. On April 27, 1988 G.O.T. demanded a jury trial. The county took the position that G.O.T. had no right to a jury, and on April 28, 1988, the county requested an adjournment to permit argument on his request. Counsel for G.O.T. agreed to a fourteen-day adjournment. On April 29, 1988 the trial court entered an order extending G.O.T.'s commitment to May 10, 1988. At the May 10, 1988 hearing, the court heard argument on the jury issue and again extended G.O.T.'s commitment, this time to May 24, 1988. On May 23, 1988 the court ruled that G.O.T. was not entitled to a jury. On May 24, 1988, following a hearing on the extension petition, the trial court extended G.O.T.'s commitment for one year.[2]

Section 51.20(13)(g)3., Stats., provides in material part:

> Upon application for extension of a commitment by the department or the county department having custody of the subject, the court shall proceed under subs. (10) to (13). If the court determines that the individual is a proper subject for commitment as pre-

---

[2] Although the issues may be moot because the one-year extension has terminated, we consider them because they are likely to arise again and to evade review. *State ex rel. La Crosse Tribune v. Circuit Ct.*, 115 Wis. 2d 220, 229, 340 N.W.2d 460, 464 (1983). We note that G.O.T. filed his notice of appeal from the May 24, 1988 order on October 27, 1988, his appellate brief on February 28, 1989, and his reply brief on April 20, 1989. On June 16, 1989 this appeal was ordered to be decided by three judges of the court of appeals. We took the appeal under submission on June 21, 1989.

scribed in sub. (1)(a)1 and evidences the conditions under sub. (1)(a)2 or (am), or is a proper subject for commitment as prescribed in sub. (1)(ar), it shall order judgment to that effect and continue the commitment.

Section 51.20(13)(g)1. and 3., Stats., must be read together, since both relate to the period of commitment. An initial commitment ordered pursuant to sec. 51.20(13)(g)1. expires at the end of six months and cannot be extended beyond that period unless a statute permits its extension. *Cf. State ex rel. Lockman v. Gerhardstein,* 107 Wis. 2d 325, 328-29, 320 N.W.2d 27, 29 (Ct. App. 1982) (court may not hear final commitment petition after mandatory time limit under sec. 51.20(7)(c) has expired). For that reason, the trial court must hold the extension hearing before the initial commitment expires to determine whether the defendant is, in the words of sec. 51.20(13)(g)3., "a proper subject for commitment," unless a timely demand for a jury has been made. *Cf. In Interest of L.M.C.,* 146 Wis. 2d 377, 386, 432 N.W.2d 588, 592 (Ct. App. 1988) (court must hear petition to extend dispositional order as to juvenile entered under secs. 48.355 and 48.365, Stats., before order terminates).

We conclude that G.O.T.'s jury demand authorized the trial court to temporarily extend the commitment to accommodate that demand. As noted, sec. 51.20(13)(g)3., Stats., provides that upon application for extension of a commitment, the court shall proceed under subs. (10) to (13). Subsection (11)(a) provides in relevant part that if, before involuntary commitment, the individual demands a jury, the court shall direct that a jury determine if the allegations are true, and that

633

[a] jury trial is deemed waived unless demanded at least 48 hours in advance of the time set for final hearing, if notice of that time has been previously provided to the subject individual or his or her counsel. If a jury trial demand is filed within five days of detention, the final hearing shall be held within fourteen days of detention. *If a jury trial demand is filed later than 5 days after detention, the final hearing shall be held within 14 days of the date of demand.* [Emphasis added.]

Subsection (11)(a) necessarily implies that a commitment is extended to accommodate a demand for a jury trial, as long as the final hearing and jury trial are held within fourteen days of the demand. Without the implied extension, the demand for a jury frequently could not be accommodated. To construe the statute as allowing the committed person to terminate his or her commitment by timing a jury demand would work an absurd result. Absurd constructions of statutes are to be avoided. *DeMars v. LaPour,* 123 Wis. 2d 366, 370, 366 N.W.2d 891, 893 (1985). Since G.O.T. demanded a jury on April 27, 1988, subsec. (11)(a) authorized the trial court to extend G.O.T.'s commitment to May 10, 1988, as ordered by the court.

The county's assertion that G.O.T. has no right to a jury trial on a petition to extend his commitment under sec. 51.20(13)(g)3., Stats., is contrary to *State ex rel. Gebarski v. Milwaukee County Cir. Ct.,* 80 Wis. 2d 489, 259 N.W.2d 531 (1977). The *Gebarski* court dealt with a petition to extend a commitment under sec. 971.17(2), Stats. 1975, which provides for a mental reexamination "as provided in s. 51.20(17), except that the reexamination shall be before the committing court." Section 51.20(17)(g), Stats. 1975, provides that "[s]ubsections

(11) to (14) shall govern the procedure to be used in the conduct of such hearing insofar as applicable."³ The *Gebarski* court held that "[s]ec. 971.17(2), Stats., by incorporating by reference sec. 51.20(17)(g) [now 51.20(16)(g)] and sec. 51.20(12) [now 51.20(11)], provides for a right to trial by jury." *Id.* at 502, 259 N.W.2d at 537. We hold on the basis of *Gebarski* that an individual has a right to a jury trial on a petition to extend his or her commitment under sec. 51.20(13)(g)3., Stats.

■

At the May 10, 1988 hearing, the court again extended G.O.T.'s commitment, this time to May 24, 1988. The court lacked competency to do so. Section 51.20(11)(a), Stats., permits only a fourteen-day extension from the date of demand to accommodate a jury trial. The fourteen-day period expired on May 11, 1988. The statute does not authorize the second extension.

The only other statute which might have authorized the trial court's second extension is sec. 51.20(10)(e), Stats. 1987, which provides: "At the request of the subject individual or his or her counsel the final hearing . . . may be postponed, but in no case may the postponement exceed 7 calendar days from the date established by the court under this subsection for the final hearing." This statute was created by sec. 11(m), 1987 Wis. Act. 366, effective May 3, 1988. We need not decide whether the statute could apply here, since it would have permitted only a seven-day extension and not the fourteen-day extension to May 24, 1988, ordered by the court.

---

³ Section 51.20(12)(a) and (17)(g), Stats. 1975, were modified and renumbered as sec. 51.20(11)(a) and (16)(g) by secs. 45 and 62, ch. 428, Laws of 1977. The modifications are immaterial to the issue before us.

Because the court lacked competency to enter the second extension order on May 10, 1988, G.O.T.'s initial commitment expired that day. The order of May 24, 1988 extending G.O.T.'s commitment must be vacated and the petition dismissed.

*By the Court.*—Order extending commitment vacated and matter remanded with directions to dismiss extension petition.