In the Matter of the Mental Commitment of Edward S.:

County of Milwaukee, Petitioner-Respondent,

v.

Edward S., Respondent-Appellant.†

Court of Appeals

*No. 00–1003. Submitted on briefs June 5, 2001.—Decided July 3, 2001.*

2001 WI App 169

(Also reported in 633 N.W.2d 241.)

† Petition to review denied 9-19-01.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Andrea Taylor Cornwall* and *Richard D. Martin*, assistant state public defenders of Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Robert A. McKnight*, principal assistant corporation counsel, Milwaukee County.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. WEDEMEYER, P.J. Edward S. appeals from an order denying his post-commitment motion for relief. He claims that the c ircuit court lost competency to commit him because the final commitment hearing was not held within fourteen days after his initial detention in violation of WIS. STAT. § 51.20(7)(c)

(1999–2000).[1] The issue in this appeal is whether the fourteen-day deadline for a final hearing in an involuntary commitment proceeding pursuant to § 51.20(7)(c) may be extended when the subject of the commitment creates the need for an extension. Because *State ex rel. Lockman v. Gerhardstein*, 107 Wis. 2d 325, 320 N.W.2d 27 (Ct. App. 1982) is distinguishable from this case and the doctrine of judicial estoppel is applicable, we affirm.

## I. BACKGROUND

¶ 2. This case involves an emergency detention under the commitment section of Wis. Stat. ch. 51. On July 30, 1999, Edward S. was detained on a petition for emergency detention. Attorney Alan Polan represented Edward S. at the probable cause hearing. The commissioner entered a probable cause order, temporarily committing Edward S. to the custody of the Milwaukee County Department of Human Services pending the final hearing. According to Wis. Stat. § 51.20(7)(c),[2] the final hearing must be scheduled within fourteen days from the time of detention. Edward S.'s hearing was timely scheduled for August 13, 1999.

¶ 3. On August 12, 1999, Edward S. fired his attorney. Before ceasing representation, Polan entered into a stipulation to adjourn the final hearing until August 27, 1999. On August 17, 1999, Attorney Nancy Ann Stark was appointed to represent Edward S. The final hearing was held as scheduled on August 27, 1999.

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] Wisconsin Stat. § 51.20(7)(c) provides: "If the court determines that there is probable cause to believe the allegations made . . . it shall schedule the matter for a hearing within 14 days from the time of detention of the subject individual . . . ."

The trial court concluded that Edward S. was mentally ill, dangerous to himself and others, and a proper subject for treatment. Edward S. was committed to the Milwaukee County Department of Human Services for six months.

¶ 4. On February 18, 2000, Edward S.'s commitment was extended for a one-year period. Edward S. filed post-commitment motions, arguing that his final hearing was not held within fourteen days of his detention, that the trial court lost competency to proceed, and that the commitment order should be vacated. The trial court denied the motion, reasoning:

> I think that [Edward S.] is the one who set in motion the need to adjourn the case. I don't think, therefore, he can complain that the matter was interpreted [sic] in the statutory time limit, as long as it was within a reasonable time then, and I think it was under the circumstances.

Edward S. appeals from that order.

## II. DISCUSSION

### A. Fourteen-day Deadline.

¶ 5. Edward S. claims that this case is controlled by the *Lockman* holding that the fourteen-day deadline in WIS. STAT. § 51.20(7)(c) is mandatory and cannot be waived at the discretion of the court. In *Lockman,* the issue was whether the fourteen-day deadline in § 51.20(7)(c) refers to calendar days or business days. *Lockman,* 107 Wis. 2d at 327. This court concluded that the fourteen-day time limit refers to calendar days. *Id.* at 328. The hearing in *Lockman* was timely scheduled, but later adjourned at the request of the state because one of the police officer witnesses was unable to testify.

*Id.* at 326. This court reversed the orders of commitment in *Lockman,* ruling that the hearing was not scheduled within fourteen calendar days of the subject's detention: "the fourteen day time limit in sec. 51.20(7)(c), Stats., is mandatory and cannot be varied at the discretion of the trial court[,]" *id.* at 330 and, therefore, the commitment proceedings should have been dismissed for lack of jurisdiction, *id.* at 338–39.

¶ 6. The County responds that *Lockman*'s holding—that the fourteen-day deadline cannot be extended—should not apply when the subject's actions prevent the hearing from occurring timely. The County points out that Edward S.'s hearing was scheduled timely and would have taken place, but for the fact that he fired his lawyer the day before the hearing, which was also the day before the fourteen-day deadline expired. The County suggests that the fourteen-day deadline cannot be strictly enforced when a detained subject manipulates the system in some fashion to prevent the hearing from taking place within the required time period.

¶ 7. We conclude that *Lockman* does not control this case because it is distinguishable. In *Lockman,* the hearing was adjourned and the fourteen-day time limit was violated based on the state's action of requesting an adjournment due to the unavailability of one of its witnesses. In the instant case, the hearing was adjourned and the fourteen-day time limit was modified because of Edward S.'s unilateral action of firing his lawyer the day before the fourteen-day time limit, which made it impossible to obtain new counsel to effectively represent Edward S. by the next day. Edward S. alone benefited from his request to change counsel. The *Lockman* holding was based on Lockman being "deprived of her liberty until the holding of a final

commitment hearing," which caused great injury. *Id.* at 330. The reason why Lockman was deprived of her liberty was based on the state's failure to have all its witnesses present; therefore, the state caused the delay and injury.

¶ 8. Contrary to *Lockman*, the delay which allegedly deprived Edward S. of his liberty here was, in fact, caused by his action. Thus, if any great injury was suffered, it was at the hands of Edward S. As the County points out, to find otherwise would permit detained subjects to manipulate the system in some fashion to prevent the hearing from taking place within the required time period. Public policy prohibits a detained subject's manipulation of the system by firing his attorney a day before the final hearing. If we were to accept Edward S.'s argument, a detained subject could fire his attorney on the fourteenth day in order to secure dismissal of the commitment action and, in effect, gain release without any further proceedings. The mandatory fourteen-day deadline established in *Lockman* cannot be interpreted in such a fashion. Such an interpretation would defy common sense and create an absurdity, which we are unwilling to do.

¶ 9. Accordingly, we conclude that the *Lockman* holding can be distinguished to allow for a reasonable extension of the fourteen-day deadline only in the limited circumstance where the extension is caused solely by the conduct and manipulation of the detained subject. Thus, *Lockman*'s holding that the fourteen-day deadline is mandatory does not mandate reversal of this case.

*B. Time Limits.*

██

¶ 10. Edward also contends that there is no pro-
vision within the statutes that permits the extension
granted here. WISCONSIN STAT. § 51.20 sets forth the
circumstances under which time limits may be ex-
tended. Mandatory time limits may be extended: (1)
when the subject or his/her attorney requests a post-
ponement, it is strictly limited to seven calendar days,
WIS. STAT. § 51.20(10)(e) ("in no case may the postpone-
ment exceed 7 calendar days from the date established
by the court . . . for the final hearing"); (2) when the
subject or his/her attorney, with the subject's consent,
waives the time limits for final hearing for up to ninety
days to obtain voluntary treatment under a settlement
agreement, WIS. STAT. § 51.20(8)(bg); and (3) when a
subject requests a jury trial later than five days after
detention, the trial court may schedule the final hearing
within fourteen days of the date the jury demand is
made, WIS. STAT. § 51.20(11)(a). The doctrine of judicial
estoppel bars us from addressing this argument. In
*State v. Petty*, 201 Wis. 2d 337, 548 N.W.2d 817 (1996),
the supreme court adopted three elements for invoking
judicial estoppel:

> "First, the later position must be clearly inconsistent
> with the earlier position; second, the facts at issue
> should be the same in both cases; and finally, the party
> to be estopped must have convinced the first court to
> adopt its position—a litigant is not forever bound to a
> losing argument."

*Id.* at 348 (citation omitted). Judicial estoppel is appro-
priate in this case because Edward S. asked the court to
agree to an adjournment in order to permit him to
obtain new counsel. The County points out that Ed-

ward S. was particularly familiar with commitment proceedings, as he had been committed several times, and was provided with a written copy of the rules in compliance with all notice requirements. The trial court granted Edward S.'s motion and allowed his attorney to withdraw. Now, on appeal before this court, acknowledging that the facts have not changed, Edward S. asserts that the action of the trial court—adjourning his hearing at his request beyond the fourteen-day time limit in order for him to obtain new counsel—constitutes a violation of his right to a prompt hearing, which justifies dismissal of the action. All three elements adopted in *Petty* are satisfied; therefore, the doctrine of judicial estoppel is applicable in this case.

¶ 11. In *State v. Gove*, 148 Wis. 2d 936, 944, 437 N.W.2d 218 (1989), the supreme court declared: "It is contrary to fundamental principles of justice and orderly procedure to permit a party to assume a certain position in the course of litigation which may be advantageous, and then after the court maintains that position, argue on appeal that the action was error." In this case, Edward S. indicated a desire to obtain new counsel by firing his attorney and then stipulating to an adjournment. On appeal, he argues that the adjournment was an error because it led to an untimely final hearing. However, as indicated by the trial court,

> I think that [Edward S.] is the one who set in motion the need to adjourn the case. I don't think, therefore, he can complain that the matter was interpreted [sic] in the statutory time limit, as long as it was within a reasonable time then, and I think it was under the circumstances.

¶ 12. Since judicial estoppel is applicable and dismissal of the proceedings would create an absurdity contrary to the purpose of the applicable laws, the order denying post-commitment motion for relief must be affirmed.

*By the Court.*—Order affirmed.