**COURT OF APPEALS
DECISION
DATED AND FILED**

**March 11, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.   2020AP814**

Cir. Ct. No.  2019ME78

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

IN THE MATTER OF THE CONDITION OF S. M. S.:

JEFFERSON COUNTY,

    PETITIONER-RESPONDENT,

 V.

S. M. S.,

    RESPONDENT-APPELLANT.

APPEAL from orders of the circuit court for Jefferson County: WILLIAM V. GRUBER, Judge. *Affirmed.*

¶1     GRAHAM, J.[1] S.M.S. appeals from circuit court orders that involuntarily committed him to the custody of the Jefferson County Department of Human Services pursuant to WIS. STAT. § 51.20 and authorized the involuntary administration of medication and treatment. The issue on appeal is whether the circuit court lost competency over the commitment proceeding by failing to comply with the seven-day time limit in § 51.20(7)(a) for holding a probable cause hearing. Here, the court adjourned the probable cause hearing after 5:00 p.m. on the seventh day of S.M.S.'s emergency detention and did not make a probable cause determination until the following day. Based on the particular circumstances of this case, in which the one-day adjournment of the hearing was caused by S.M.S.'s own conduct and litigation strategy, I conclude that the court did not lose competency. I affirm.

## BACKGROUND

¶2     S.M.S. was involuntarily detained pursuant to WIS. STAT. § 51.15(1), and the County sought his commitment for treatment pursuant to WIS. STAT. § 51.20. The circuit court held an initial probable cause hearing within 72 hours of his detention, as required by § 51.20(7)(a).

¶3     At the initial probable cause hearing, S.M.S. stated, among other things, that he did not want to proceed with appointed counsel as his attorney, and that he wanted to represent himself or be represented by someone else. S.M.S. also requested a postponement of the probable cause hearing so that he could present witness testimony. WISCONSIN STAT. § 51.20(7)(a) allows a court to

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

postpone the probable cause hearing "[a]t the request of the subject individual," "but in no case may the postponement exceed 7 days from the date of detention." The circuit court granted S.M.S.'s request and postponed the probable cause hearing until September 18, 2019, which was the seventh day following S.M.S.'s detention, excluding weekends.

¶3 The circuit court scheduled two hours on September 18th for the postponed probable cause hearing. Among other things, S.M.S. refused the assistance of counsel and stressed his desire to represent himself. The circuit allowed S.M.S. to examine witnesses and make objections with appointed counsel acting as standby counsel. A significant portion of the allotted time that day was taken up by S.M.S.'s various motions, requests, and objections, as well as court-ordered breaks so that S.M.S. could consult with standby counsel.

¶4 The circuit court then heard the testimony of the County's four witnesses: the deputy who had initial contact with S.M.S. on the night of his detention, two medical health professionals, and S.M.S.'s mother. During the presentation of the evidence, the court had to repeatedly warn S.M.S. not to interrupt the witnesses as they testified. S.M.S. vigorously cross-examined the witnesses on an array of wide-ranging topics. At one point, S.M.S. moved to dismiss the matter on the merits; the court denied this motion. At another point, S.M.S. asked the court to order genetic testing of his mother so that he could use the results to prove that she was an imposter. The court denied the request. S.M.S. also asked the court to order the sheriff to arrest his mother, and that request was also denied.

¶4 The hearing continued past 5:00 p.m. At that point, the County had no further evidence to present; however, S.M.S. indicated that he had additional

questions for his mother, and he had not been given an opportunity to present witnesses on his own behalf. By that time, the courthouse had been closed for thirty minutes, and the judge informed the parties that he had commitments beyond business hours. The circuit court requested input from counsel about adjourning the hearing and continuing it on another day, and the prosecutor and S.M.S.'s standby counsel both opined that the hearing needed to be completed that day to be timely under WIS. STAT. § 51.20(7)(a). The court disagreed with their interpretation of the statute and adjourned the hearing until the following day.

¶5 When the probable cause hearing continued the afternoon of September 19, the circuit court made the following statement about the reasons for the adjournment:

> As the Court indicated, the Court took a recess so people could sleep and eat. The Court does believe it's in compliance with the statute. The statute requires that the matter be scheduled and heard. The matter has been scheduled and heard; has not been disposed of, however. The Court's doing the best it can to balance the interest of [S.M.S's] … due process rights, as well as reality of a 24-hour day.

S.M.S. moved for dismissal of the case, and the court denied the motion. S.M.S. then proceeded to testify on his own behalf. After hearing S.M.S.'s testimony and the parties' closing arguments, the court found that there was probable cause to believe S.M.S. met the criteria for commitment under WIS. STAT. § 51.20(1)(a).

¶6 S.M.S. demanded a jury, and following the final commitment hearing, the jury found that S.M.S. met the criteria for commitment.[2] S.M.S. filed

---

[2] S.M.S. does not challenge any aspect of the final commitment hearing, including the timing of that hearing or the sufficiency of the evidence.

a motion for postdisposition relief, arguing the circuit court lost competency by failing to conduct the probable cause hearing within the statutory time limits. The court denied the motion, and S.M.S. appeals.

## DISCUSSION

¶7 The term "competency" refers to a court's power to render a valid judgment; a court loses competency when it has jurisdiction over a matter but lacks the power to render a judgment for other reasons.[3] ***Dane Cnty. v. Stevenson L.J.***, 2009 WI App 84, ¶6 n.4, 320 Wis. 2d 194, 202, 768 N.W.2d 223. The sole question presented in this appeal is whether the circuit court lost competency when it adjourned the probable cause hearing on the seventh day of S.M.S.'s emergency detention and concluded the hearing the following day. The answer turns on the interpretation and application of WIS. STAT. § 51.20(7)(a), a question of law subject to de novo review. ***Id.***, ¶8.

¶8 WISCONSIN STAT. § 51.20(7) provides time limits for conducting the probable cause hearing and the final commitment hearing. The time limits for the probable cause hearing—that is, a hearing at which the circuit court determines whether there is probable cause to believe the allegations made in the involuntary commitment petition—are found in subsec. (7)(a). As mentioned, if the individual

---

[3] At times, the parties refer to the circuit court's power to enter the commitment and involuntary medication orders as a matter implicating the court's "jurisdiction," and some older cases from this court also use the term jurisdiction in this context. *See, e.g.*, ***State ex rel. Lockman v. Gerhardstein***, 107 Wis. 2d 325, 328-29, 320 N.W.2d 27 (Ct. App. 1982). Our supreme court has clarified that the correct term is competency. *See* ***State v. Smith***, 2005 WI 104, ¶18, 283 Wis. 2d 57, 699 N.W.2d 508 (providing that competency is "'the power of a court to exercise its subject matter jurisdiction' in a particular case" (citation omitted)); ***Village of Trempealeau v. Mikrut***, 2004 WI 79, ¶¶8-10, 273 Wis. 2d 76, 681 N.W.2d 190 (providing that a circuit court's jurisdiction is conferred by the Wisconsin Constitution and cannot be curtailed by requirements in a statute).

is subject to an emergency detention, the court must hold the probable cause hearing "within 72 hours after the individual is taken into custody …, excluding Saturdays, Sundays and legal holidays." *Id.* The probable cause hearing can be postponed "[a]t the request of the subject individual or his or her counsel …, but in no case may the postponement exceed 7 days from the date of detention." *Id.* Subsection (7)(c) provides time limits for the final hearing, at which the court or jury will determine whether the individual should be committed. *See* § 51.20(7)(c). The court "shall schedule the matter" for a final hearing "within 14 days from the time of detention of the subject individual" unless the probable cause hearing was postponed, in which case the final hearing "shall be scheduled for hearing within 21 days from the time of detention of the subject individual." *Id.* These timelines can be pushed back under some circumstances if the individual is incarcerated or to accommodate a jury trial when a jury demand is made. *See* § 51.20(11)(a).

¶9     The time limits pertaining to Chapter 51 proceedings are "strict procedural guidelines," and the failure to hold the hearings within the statutory time limits can result in the court's loss of competency to enter a commitment order. ***Dodge Cnty. v. Ryan E.M.***, 2002 WI App 71, ¶5, 252 Wis. 2d 490, 642 N.W.2d 592. The reason for strict time limits is to protect the significant liberty interests at stake when an individual is detained for mental health treatment. *See, e.g.*, ***Humphrey v. Cady***, 405 U.S. 504, 509 (1972); ***State ex rel. B.S.L. v. Lee***, 115 Wis. 2d 615, 621, 340 N.W.2d 568 (Ct. App. 1983). "Although protecting people from harm [resulting from untreated mental health issues] is important, so is due process," which the time limits are "intended to provide." ***Ryan E.M.***, 252 Wis. 2d 490, ¶11.

¶10 In recognition of the significant liberty interest at stake when an individual is detained, this court has determined that a circuit court loses competency if the final commitment hearing is not held within the statutory time limits, provided that the delay is caused by the county. *State ex rel. Lockman v. Gerhardstein,* 107 Wis. 2d 325, 328, 320 N.W.2d 27 (Ct. App. 1982). On the other hand, we have also determined that a final commitment hearing may be extended past the statutory time limits if the delay is caused by the conduct or manipulation of the detained subject. *Milwaukee Cnty. v. Edward S.*, 2001 WI App 169, ¶9, 247 Wis. 2d 87, 633 N.W.2d 241. Our cases do not address under what circumstances, if any, the court may continue a probable cause hearing that has already commenced past the seven-day time limit provided in WIS. STAT. § 51.20(7)(a).

¶11 With these principles in mind, I turn to S.M.S.'s argument. S.M.S. contends that the time limits for concluding a probable cause hearing are mandatory, and that the court lost competency when it adjourned the hearing after the seventh day of S.M.S.'s detention. Therefore, S.M.S. contends that the commitment proceeding should have been dismissed due to the court's loss of competency.

¶12 I conclude that, based on the specific circumstances of this case, the circuit court did not lose competency when it adjourned the hearing to the eighth day of S.M.S.'s detention. My reasoning is based on the same rationale that this court found persuasive in *Edward S.* Here, as in *Edward S.*, the adjournment was necessitated by S.M.S.'s conduct and litigation strategy. The initial probable cause hearing was postponed at S.M.S.'s request, and the subsequent probable cause hearing had already lasted for more than two-and-one-half hours when it was adjourned by the circuit court. As discussed above, much of that time was

filled with S.M.S.'s arguments, motions, and objections, as well as breaks taken to allow S.M.S. to consult with his standby counsel. By stating as much, I do not mean to critique S.M.S.'s litigation strategy. However, it is apparent from the hearing transcript that the court dedicated a substantial portion of the time it allotted for the hearing to accommodate S.M.S.'s desire to represent himself, and to address his motions, objections, and other inquiries. It is also apparent from the transcript that the need for a one-day adjournment was caused by S.M.S., not the County or the court.[4]

¶13    As a result of S.M.S.'s conduct and litigation strategy, the circuit was placed in the unenviable situation of having to balance the time limits set forth in WIS. STAT. § 51.20(7)(a) with its obligation to provide S.M.S. an opportunity to present his case and protect his due process rights. Our supreme court has recognized that Chapter 51 should be construed to avoid absurd results. *Watton v. Hegerty,* 2008 WI 74, ¶22, 311 Wis. 2d 52, 751 N.W.2d 369. To conclude that a probable cause hearing duly scheduled and commenced within the time limit must also conclude within the time limit, even if that means depriving the detained subject of a meaningful opportunity to present evidence, could lead to an absurd result. As the beneficiary of the one-day adjournment, S.M.S. cannot argue that he was prejudiced by the delay. *See Marathon Cnty. v. R.J.O.*, 2020 WI App 20, ¶46, 392 Wis. 2d 157, 943 N.W.2d 898 (holding that an individual subject to

---

[4] I reject S.M.S.'s assertion, advanced for the first time in his reply brief, that the "circuit court and the County did not properly allocate the correct amount of time" for the hearing. The record shows quite the opposite. Such hearings are standard proceedings in the circuit court, and S.M.S. does not provide any reason to suggest that such hearings typically last more than two-and-one-half hours, or that the court and County should have expected a longer hearing in this case.

commitment proceedings cannot claim to be prejudiced by a delay due largely to their own conduct).

¶14    In further support of its position that the circuit court did not lose competency under these facts, the County argues that an inflexible rule against adjourning probable cause hearings past the statutory time limits would encourage detained subjects to find ways to delay these hearings.  We dealt with a similar concern in *Edward S.*, 247 Wis. 2d 87, which addressed the time limits for final hearings under WIS. STAT. § 51.20(7)(c).  As we explained:

> [An inflexible rule] would permit detained subjects to manipulate the system in some fashion to prevent the [final commitment] hearing from taking place within the required time period.  Public policy prohibits a detained subject's manipulation of the system by firing his attorney a day before the final hearing.  If we were to accept Edward S.'s argument, a detained subject could fire his attorney on the [final day of the hearing] in order to secure dismissal of the commitment action and, in effect, gain release without any further proceedings.  The mandatory fourteen-day deadline ... cannot be interpreted in such a fashion. Such an interpretation would defy common sense and create an absurdity, which we are unwilling to do.

*Id.*, ¶8.  So too here.  Here, there is no indication that S.M.S. intentionally delayed the probable cause hearing; yet, if I were to adopt an inflexible rule, it could encourage other persons in S.M.S.'s situation to run out the clock in an attempt to force a dismissal from the circuit court.

¶15    S.M.S. points to *Lockman*, 107 Wis. 2d 325, but I am not persuaded that that opinion supports a different outcome in this case.  *Lockman* presented a situation where the State requested an adjournment of a final hearing beyond the WIS. STAT. § 51.20(7)(c) time limits due to the unavailability of one of its witnesses.  *Id.* at 326.  In *Lockman*, the case was improperly adjourned for the

State's benefit; here, I have determined that the probable cause hearing was adjourned for S.M.S.'s benefit.

¶16   In addition, S.M.S. contends that ***Ryan E.M.***, 252 Wis. 2d 490, stands for the proposition that the seven-day time limit for probable cause hearings "is mandatory and not to be varied [for any reason] at the discretion of the court." I am not persuaded. As we noted in ***Ryan E.M.***, the time limits in Chapter 51 are "intended to provide" due process. ***Id.***, ¶11. I am more persuaded that the court acted in accordance with the principles of ***Ryan E.M.*** when it declined to make a probable cause determination without allowing S.M.S. a full and fair opportunity to "present his side of the case."

¶17   Finally, S.M.S. raises the specter that a circuit court could allow a county to commence a probable cause hearing within the seven-day limit, and then request a series of adjournments "for weeks or even months." I agree with S.M.S. that the legislature "never intended" such an outcome, but I am not persuaded that it is a potential risk presented by my decision in this case. Indeed, this court's precedent would prevent the court from extending applicable time limits at a county's request and for its benefit. ***Lockman***, 107 Wis. 2d at 328.[5]

¶18   For the reasons set forth above, I conclude that S.M.S. created the need for the circuit court's one-day adjournment of the probable cause hearing, and that his due process rights were ultimately benefited rather than harmed because the adjournment allowed him to fully present his case. Therefore, I

---

[5] As S.M.S.'s attorney has acknowledged, one of the cases she cited in the opening brief was unpublished and uncitable under our rules of appellate procedure. *See* WIS. STAT. § 809.23(3). I appreciate counsel's acknowledgment of her mistake, and I caution her to be more careful in the future.

10

conclude that the court did not lose competency to enter the involuntary commitment and medication and treatment orders.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.