# COURT OF APPEALS
## DECISION
## DATED AND FILED

## January 30, 2025

**Samuel A. Christensen**
**Clerk of Court of Appeals**

### NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1526**

Cir. Ct. No. **2024ME9**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

IN THE MATTER OF THE CONDITION OF A.L.H.:
WAUPACA COUNTY,

   PETITIONER-RESPONDENT,

   V.

A. L. H.,

   RESPONDENT-APPELLANT.

APPEAL from orders of the circuit court for Waupaca County: VICKI L. CLUSSMAN, Judge. *Affirmed.*

¶1    KLOPPENBURG, J.[1] A.L.H. appeals circuit court orders committing her under WIS. STAT. ch. 51, denying her motion for postdisposition

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

relief, and denying her motion for reconsideration. A.L.H. also appeals the court's order for involuntary medication and treatment, but her appeal is based solely on her arguments challenging the order for commitment. *See* WIS. STAT. §§ 51.20(13)(dm), 51.61(1)(g) (order for involuntary medication or treatment requires order for commitment). A.L.H. argues that the court was required to grant her postdisposition motion to vacate the commitment and medication orders because the court failed to make required factual findings regarding dangerousness at the final hearing and erred in making the factual findings at the postdisposition motion hearing held approximately five months after the commitment and medication orders were entered. *See* § 51.20(7)(c), (8)(a), (8)(bg), (10)(a)-(e), (13) (referring to the disposition hearing held after the initial probable cause hearing as the "final" or "full" hearing); ***Walworth County v. M.R.M.***, 2023 WI 59, ¶¶1, 18, 21, 24, 408 Wis. 2d 316, 992 N.W.2d 809 (referring to the disposition hearing as the "final" hearing or "final commitment" hearing). Specifically, A.L.H. argues that the court lacked competency to make the required factual findings outside of the 14-day statutory time limit for a circuit court to hold a final hearing on a petition for commitment. *See* § 51.20(7)(c) (requiring that the final hearing be held within 14 days of detention).

¶2 I conclude that the circuit court did not act outside the 14-day statutory time limit for holding a final hearing when, before the commitment order expired and without receiving additional evidence, it supplemented the record at the postdisposition motion hearing by making the required factual findings based on evidence presented at the timely-held final hearing. Accordingly, I conclude that the court did not lose competency, and, therefore, I affirm.

**BACKGROUND**

¶3      A.L.H. was admitted to a mental health unit under an emergency detention on February 1, 2024.  After a hearing on February 6, 2024, the circuit court found probable cause to believe that A.L.H. was mentally ill, a proper subject for treatment, and dangerous to herself or others.  *See* WIS. STAT. § 51.20(7) (defining probable cause hearings for commitment proceedings).  The court ordered examinations by two doctors to determine whether A.L.H. qualified for commitment.  *See* § 51.20(9) (describing process for examinations in commitment proceedings).  Both doctors submitted reports in which they opined that A.L.H. was mentally ill, dangerous to herself or others, and not competent to refuse medication or treatment.

¶4      The circuit court held a final hearing on February 15, 2024, to allow the court to determine whether to issue an order committing A.L.H.  *See* WIS. STAT. § 51.20(10) (describing procedures for final hearings in commitment proceedings).  At the hearing, both doctors and a law enforcement officer testified on behalf of Waupaca County, and A.L.H. testified on her own behalf.  After hearing testimony and considering the parties' arguments, the court found that A.L.H. was mentally ill, a proper subject for treatment, and dangerous.  The court entered an order for a six-month commitment and an order for involuntary medication and treatment.

¶5      On June 12, 2024, A.L.H. filed a postdisposition motion seeking to vacate the orders based on the circuit court's failure to make specific factual findings regarding dangerousness.  *See* WIS. STAT. § 51.20(1)(a)2. (providing that one of the elements that must be proven to obtain a commitment order is that the

individual is dangerous to the individual or others under one or more of five standards of dangerousness).

¶6    At the hearing on the motion, the County asked that the circuit court, rather than vacating the orders, make the specific factual findings on the record. The parties did not present, and the court did not receive, additional evidence at the hearing. The court stated that it made the factual findings at the final hearing but that it "didn't indicate specifically what parts of the testimony supported th[e] findings." At the County's request, and over A.L.H.'s objection, the court "supplement[ed] the record" by making the required factual findings during the motion hearing. The court denied the motion to vacate the orders. A.L.H. filed a motion for reconsideration providing further case law supporting her position that the proper remedy was vacating the orders, and the court denied the motion.

¶7    A.L.H. appeals.[2]

## DISCUSSION

¶8    To support a commitment order, a circuit court is required "to make specific factual findings with reference to" the standard or standards on which the court relies in determining that an individual is dangerous for purposes of WIS. STAT. § 51.20(1)(a). *See **Langlade County v. D.J.W.***, 2020 WI 41, ¶¶40, 42-44, 391 Wis. 2d 231, 942 N.W.2d 277 (requiring specific factual findings in recommitment proceedings); ***Monroe County Dep't of Health Servs. v. M.C.***,

---

[2] A.L.H.'s commitment has expired, and she is currently subject to a recommitment order. But this appeal is not moot. *See **Sauk County v. S.A.M.***, 2022 WI 46, ¶24, 402 Wis. 2d 379, 975 N.W.2d 162 (identifying as one of the collateral consequences of a commitment order the individual's liability for the cost of the individual's care under WIS. STAT. § 46.10(2)).

No. 2024AP924, unpublished slip op. ¶9 (WI App Dec. 12, 2024) (applying the *D.J.W.* requirement to initial commitments).[3]

¶9      If an appellate court determines that the circuit court did not make the required factual findings regarding dangerousness, and the commitment or recommitment order being appealed has expired, then the appellate court must vacate the order because the circuit court has lost competency to conduct proceedings on remand. *See Sheboygan County v. M.W.*, 2022 WI 40, ¶¶2-4, 38, 402 Wis. 2d 1, 974 N.W.2d 733 (addressing recommitment orders based on insufficient findings).

¶10     A circuit court is generally required to hold a final hearing on a commitment petition within 14 days of the individual's detention. WIS. STAT. § 51.20(7)(c) (with exceptions not relevant here). A court's failure "to hold a final commitment hearing within 14 days of detention as required by § 51.20(7)(c) results in a loss of competency over an initial commitment proceeding." *M.R.M.*, 408 Wis. 2d 316, ¶18.

¶11     Here, it is undisputed that the circuit court held the final hearing within the 14-day limit for holding a final hearing on a commitment petition set forth in WIS. STAT. § 51.20(7)(c). It is also undisputed that the court made specific findings regarding dangerousness without receiving additional evidence at the postdisposition motion hearing, after the 14-day limit but before the six-month commitment term expired. Nevertheless, A.L.H. argues that the court lost competency to make specific findings after the 14-day time limit expired. As

_____

[3] Unpublished opinions authored by a single judge, issued on or after July 1, 2009, may be cited for their persuasive value. WIS. STAT. RULE 809.23(3)(b).

explained below, this argument is not supported by controlling case law or consistent with the statutory scheme for seeking postdisposition relief. Specifically, this argument disregards the distinction between a timely-held final hearing at which evidence is presented, and a postdisposition motion hearing at which no evidence is presented and the circuit court makes the required findings regarding dangerousness based on the evidence received at the final hearing. That distinction—the circuit court's not receiving additional evidence when making the required findings—is implicitly recognized in controlling case law and the statutory scheme for seeking postdisposition relief, and is fatal to A.L.H.'s argument.

¶12     In *M.R.M.*, 408 Wis. 2d 316, ¶¶22-24, 27, our supreme court held that remand was not an appropriate remedy for the circuit court's erroneous denial of a timely jury demand in a recommitment proceeding, because the preceding commitment order had expired. In *M.W.*, 402 Wis. 2d 1, ¶¶2-4, 38, our supreme court held that remand was not an appropriate remedy for the circuit court's failure to make the required factual findings regarding dangerousness, because the recommitment order had expired. In neither case did the court reject remand because any other statutory deadline had expired.

¶13     In cases in which our supreme court and this court have addressed the statutory deadline at issue here, the 14-day time limit for holding a final hearing, the focus has been on whether that hearing itself was timely held. In *M.R.M.*, 408 Wis. 2d 316, ¶18, our supreme court referenced the 14-day limit in WIS. STAT. § 51.20(7)(c) as an example of the "numerous … statutory requirements" in WIS. STAT. ch. 51. The court stated that the failure to "hold" a final hearing within that 14-day limit "results in a loss of competency over an initial commitment proceeding." *M.R.M.*, 408 Wis. 2d 316, ¶18. The court in

*M.R.M.* cited *State ex rel. Lockman v. Gerhardstein*, 107 Wis. 2d 325, 328-29, 320 N.W.2d 27 (Ct. App. 1982). *M.R.M.*, 408 Wis. 2d 316, ¶18. In *Lockman*, this court concluded that the circuit court lost competency when it did not "hold" the final hearing within 14 days after Lockman was detained.[4] *Lockman*, 107 Wis. 2d at 328-29. Here, by contrast, the circuit court did "hold" the final hearing within 14 days of A.L.H.'s detention. This court's conclusion in *Lockman*, like our supreme court's statement in *M.R.M.*, does not address the situation here, involving a timely-held final hearing and a subsequent postdisposition motion hearing at which the circuit court did not receive evidence but made specific factual findings based on the evidence presented at the timely-held final hearing.

¶14 In addition, the cases on which the *Lockman* court relied for the proposition that the circuit court loses competency when a final hearing is not held within 14 days of detention are inapposite. *See id.* at 329 n.8. In *Logan v. State*, 43 Wis. 2d 128, 138-39, 168 N.W.2d 171 (1969), our supreme court held that an objection to personal jurisdiction based on the circuit court's failure to hold a preliminary hearing within ten days can be waived; the court further stated that, if the objection to personal jurisdiction on that basis is made, the case must be dismissed, and the defendant can be recharged. In *State v. Woehrer*, 83 Wis. 2d 696, 698, 701, 266 N.W.2d 366 (1978), our supreme court held that the action in that case was required to be dismissed under WIS. STAT. § 971.01(2) (1975-76),

---

[4] The court in *State ex rel. Lockman v. Gerhardstein*, 107 Wis. 2d 325, 326-29, 320 N.W.2d 27 (Ct. App. 1982) addressed whether the circuit court lost "jurisdiction." However, our supreme court has explained that the proper term in this context is "competency." *Walworth County v. M.R.M.*, 2023 WI 59, ¶17, 408 Wis. 2d 316, 992 N.W.2d 809 ("[A]lthough a circuit court is almost never without subject-matter jurisdiction, it may nonetheless lack competency to exercise that jurisdiction on account of 'noncompliance with statutory requirements pertaining to the invocation of that jurisdiction.'") (footnote and quoted source omitted).

which provided, "Failure to file the information within [30 days of the preliminary hearing] shall entitle the defendant to have the action dismissed without prejudice." Here, personal jurisdiction is not at issue, and A.L.H. does not cite any statute requiring that a commitment order be vacated if specific factual findings are made after a timely-held final hearing, based on evidence received at the final hearing.

¶15 A.L.H. cites *Winnebago County v. A.P.D.*, No. 2023AP863, unpublished slip op. ¶¶18-22 (WI App Dec. 13, 2023), in which this court concluded that the circuit court lost competency to make specific factual findings regarding dangerousness and other issues on remand because the deadline for a final hearing had "long since passed." This court also indicated that additional evidence at the final hearing may have "ameliorated" the circuit court's failure to make any findings, if the County had moved the examining psychiatrist's report "into the [r]ecord" and elicited "more detailed testimony from its witnesses." *Id.*, ¶20 and n.11. *A.P.D.* is not persuasive here, when, before the commitment order expired, the circuit court held a postdisposition motion hearing at which the court did not receive additional evidence and made specific factual findings based on the evidence presented at the timely-held final hearing.

¶16 A.L.H. also cites *Shawano County v. S.L.V.*, No. 2021AP223, unpublished slip op. ¶¶19-20 (WI App Aug. 17, 2021), in which this court similarly concluded that the circuit court lost competency to make specific factual findings regarding dangerousness on remand because the deadline for a final hearing had "long since passed." The court further noted that the County had conceded the issue by failing to file a brief in the appeal. *Id.*, ¶20. As with the one-judge opinion discussed above, *S.L.V.* is not persuasive here, when, before the commitment order expired, the circuit court held a postdisposition motion hearing

at which the court did not receive additional evidence and made specific factual findings based on the evidence presented at the timely-held final hearing. Also, unlike in **S.L.V.**, in this appeal the County has filed a brief and not conceded the issue.

¶17 The conclusion that the circuit court did not lose competency here—when it made the required findings regarding dangerousness at a postdisposition motion hearing at which it did not receive evidence but relied solely on the evidence received at the timely-held final hearing—is also supported by the statutory scheme for seeking relief from the circuit court's disposition at the final hearing. That scheme is set forth in WIS. STAT. RULE 809.30. An individual subject to a commitment order under WIS. STAT. ch. 51 must file a notice of intent to seek postdisposition relief within 20 days of the disposition. RULE 809.30(2)(b). The individual must file a motion seeking postdisposition relief or a notice of appeal within 60 days "after the later of the service of the transcript or circuit court case record." RULE 809.30(2)(h). Pertinent here, the individual "shall file a motion for … postdisposition relief before a notice of appeal is filed unless the grounds for seeking relief are sufficiency of the evidence or issues previously raised." **Id.**

¶18 Here, A.L.H. did not seek relief on sufficiency of the evidence or issues previously raised, but properly filed a timely motion for postdisposition relief based on a different error, the circuit court's alleged failure to make the required findings regarding dangerousness. As stated, the court held a hearing on that motion before the commitment order expired.

¶19 At the motion hearing, the circuit court addressed the alleged error by supplementing the record of its decision at the timely-held final hearing with

factual findings based on specific references to the testimony presented at the final hearing. The court did not reopen the final hearing to take additional evidence. A.L.H. does not explain how what the court did here at the motion hearing— supplementing the record of its decision at the final hearing with factual findings based on specific references to the testimony presented at the final hearing— equates to "holding" a new final hearing when all of the evidence relied on by the court was presented at the final hearing that was timely held. *See M.R.M.*, 408 Wis. 2d 316, ¶18 ("failing to hold a final commitment hearing within 14 days of detention as required by WIS. STAT. § 51.20(7)(c) results in a loss of competency over an initial commitment proceeding"). By correcting in that manner the error that A.L.H. raised in her postdisposition motion, the court cannot be said to have acted outside of the statutory 14-day time limit for holding the final hearing.

¶20 To rule in the circumstances here that the circuit cannot act to correct errors alleged in a postdisposition motion filed after a final hearing has been timely held because the 14-day statutory time limit for holding a final hearing has passed, would be to make WIS. STAT. RULE 809.30(2)(h) superfluous and render meaningless its requirement to file a postdisposition motion before a notice of appeal. A circuit court would not be able to correct errors relating to its decision at the final hearing that do not involve sufficiency of evidence or issues previously raised. The statute's excepting sufficiency of evidence as a ground for a postdisposition motion, and requiring that such a ground be raised only by filing a notice of appeal, indicates only that the circuit court cannot receive additional evidence outside of the 14-day time limit. *See* RULE 809.30(2)(h). This limited exception supports the proposition that the circuit court may correct other errors without running afoul of the 14-day time limit.

¶21    There may well be circumstances in which a circuit court would act contrary to the statutory 14-day time limit for holding a final hearing in responding to the errors alleged in a postdisposition motion.  However, on the facts here, when the circuit court did not receive additional evidence outside the statutory 14-day time limit but supplemented the record of the decision it made at the timely-held final hearing with factual findings based on specific references to the testimony presented at the timely-held final hearing, the court did not act without competency to do so.

## CONCLUSION

¶22    For the reasons stated, I affirm the circuit court orders that granted the County's petition for commitment and involuntary medication and treatment and denied A.L.H.'s motions for postdisposition relief and for reconsideration.

*By the Court.*—Orders affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.